UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CARRABES, | |
| Plaintiff, | |
| v. | Civil Action No. 1:24-cv-12142-PBS |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., | |
| Defendant. | |

## DEFENDANT EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.'S ANSWER AND JURY DEMAND TO PLAINTIFF MICHAEL CARRABES' COMPLAINT

For its answers and defenses to the Complaint and Jury Demand (Dkt. 1) of plaintiff Michael Carrabes ("Plaintiff"), defendant Expeditors International of Washington, Inc. ("Defendant") states as set forth herein. Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Defendant may have to seek relief by appropriate motions directed to the allegations of the Complaint. Unless expressly answered herein, all allegations of the Complaint are denied.

## INTRODUCTION

1.    Defendant denies that it engaged in any unlawful employment actions toward Plaintiff, including but not limited to discrimination on the basis of sex, and Defendant denies that Plaintiff's performance of his job duties during the course of his employment with Defendant was exemplary. The remaining allegations in paragraph 1 purport to summarize the allegations in Plaintiff's Complaint, which is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the truth of the allegations purportedly summarized in paragraph 1 of the Complaint.

2.      Defendant denies the existence of a covert layoff program. The remaining allegations in paragraph 2 purport to summarize the allegations in Plaintiff's Complaint, which is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the truth of the allegations purportedly summarized in paragraph 2 of the Complaint.

3.      Defendant denies that it engaged in any unlawful employment actions toward Plaintiff, including but not limited to discrimination on the basis of sex. The remaining allegations in paragraph 3 purport to summarize the allegations in Plaintiff's Complaint, which is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the truth of the allegations purportedly summarized in paragraph 3 of the Complaint.

4.      Defendant denies that it engaged in any unlawful employment actions toward Plaintiff, including but not limited to discrimination on the basis of sex. The remaining allegations in paragraph 4 purport to summarize the allegations in Plaintiff's Complaint, which is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the truth of the allegations purportedly summarized in paragraph 4 of the Complaint.

5.      Defendant denies the allegations in paragraph 5.

6.      Defendant denies that Plaintiff has any basis in fact or law to recover any damages or other relief from Defendant pursuant to 42 U.S.C. § 2000e, *et seq.* or pursuant to any other statute or source of law. Defendant further denies that it engaged in any unlawful or discriminatory conduct toward Plaintiff, including but not limited to discrimination on the basis of sex, wrongful termination, breach of contract or violation of G.L. c. 149, § 52C.

## JURISDICTION AND VENUE

7.      Defendant admits that Plaintiff purports to bring a claim under 42 U.S.C. § 2000e, *et seq.* and purports to bring claims under Massachusetts statutory and/or common law.  Defendant denies that Plaintiff's claims have any merit.  The remainder of paragraph 7 of the Complaint consists of a conclusion of law to which Defendant is not required to respond.

8.      Defendant admits that Plaintiff also purports to bring claims under Massachusetts statutory and/or common law.  Defendant denies that Plaintiff's claims have any merit.  The remainder of paragraph 8 of the Complaint consists of a conclusion of law to which Defendant is not required to respond.

9.      Paragraph 9 of the Complaint consists of a conclusion of law to which Defendant is not required to respond.

## PARTIES

10.     Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies them.

11.     Defendant admits that it is a Washington corporation and maintains a principal office address of 1015 Third Ave, Seattle, Wash. Defendant further admits that it maintains offices in Massachusetts and in other locations within the United States and internationally. The remainder of paragraph 11 of the Complaint consists of conclusions of law to which Defendant is not required to respond.

12.     Defendant admits the allegations in paragraph 12 of the Complaint.

13.     Defendant admits that it is a publicly traded company and that it is a Fortune 500 company. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint and therefore denies them.

14.     Paragraph 14 of the Complaint consists of a conclusion of law to which Defendant is not required to respond.

## FACTS

15.     Defendant admits that it hired Plaintiff as an at will employee in or about December 2003 and that Plaintiff's employment with Defendant ended in February 2024.

16.     Defendant admits that it hired Plaintiff in 2003 to the full-time position of district sales executive, working out of Defendant's Peabody, Mass. office. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and therefore denies them.

## The Code of Conduct[1]

17.     Defendant admits that it maintains a Code of Business Conduct ("the Code") setting forth standards of conduct expected of Defendant's employees. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and therefore denies them.

18.     Defendant admits that the Code sets forth standards of conduct expected of Defendant's employees. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint and therefore denies them.

19.     Defendant admits that its employees, including Plaintiff, were required to complete periodic training on Defendant's policies and procedures.

20.     Defendant admits the allegations in paragraph 20 of the Complaint.

21.     Defendant admits the allegations in paragraph 21 of the Complaint.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

---

[1] Defendant states that Plaintiff's headers in the Complaint are not substantive allegations of fact to which a response is required. Nevertheless, Defendant denies Plaintiff's characterizations in the headers of the Complaint.

23.    Defendant denies the allegations in paragraph 23 of the Complaint.

24.    Defendant states that the Code is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the allegations in paragraph 24 of the Complaint.

25.    Defendant states that the Code is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 25 of the Complaint are a full and complete summary of the Code.

26.    Defendant states that the Code is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 26 of the Complaint are a full and complete summary of the Code.

27.    Defendant states that the Code is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 27 of the Complaint are a full and complete summary of the Code.

28.    Defendant states that the Code is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 28 of the Complaint are a full and complete summary of the Code.

29.    Defendant states that the Code is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 29 of the Complaint are a full and complete summary of the Code.

30.    Defendant states that the Code is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 30 of the Complaint are a full and complete summary of the Code.

**Plaintiff's Promotion to District Sales Manager**

31.    Defendant admits the allegations in paragraph 31 of the Complaint.

32.    Defendant admits that allegations in paragraph 32 of the Complaint set forth some, but not all, of Plaintiff's responsibilities as district sales manager.

33.    Defendant admits that allegations in paragraph 33 of the Complaint set forth some, but not all, of Plaintiff's duties and responsibilities as district sales manager.

**Historical Exemplary Job Performance**

34.    Defendant admits that, since 2008, Tracy Peveri has been Defendant's District Manager for the district covering the office where Plaintiff worked. Defendant denies the remaining allegations in paragraph 34 of the Complaint.

35.    Defendant admits that Peveri's duties as District Manager included, but were not limited to, evaluating Plaintiff's job performance, preparing periodic evaluations of Plaintiff's job performance and reviewing these performance evaluations with Plaintiff. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint and therefore denies them.

36.    Defendant states that Plaintiff's performance evaluations are written documents that speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendant denies Plaintiff's characterization of his performance evaluations in paragraph 36 of the Complaint.

37.    Defendant states that the performance evaluation referenced in paragraph 37 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 37 of the Complaint are a full and complete summary of the performance evaluation referenced therein.

38.     Defendant states that the performance evaluation referenced in paragraph 38 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 38 of the Complaint are a full and complete summary of the performance evaluation referenced therein.

39.     Defendant states that the performance evaluation referenced in paragraph 39 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 39 of the Complaint are a full and complete summary of the performance evaluation referenced therein.

40.     Defendant states that the performance evaluation referenced in paragraph 40 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 40 of the Complaint are a full and complete summary of the performance evaluation referenced therein.

41.     Defendant states that the performance evaluation referenced in paragraph 41 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 41 of the Complaint are a full and complete summary of the performance evaluation referenced therein.

42.     Defendant states that the performance evaluation referenced in paragraph 42 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 42 of the Complaint are a full and complete summary of the performance evaluation referenced therein.

43.     Defendant states that the performance evaluation referenced in paragraph 43 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To

the extent a response is required, Defendant denies that the allegations in paragraph 43 of the Complaint are a full and complete summary of the performance evaluation referenced therein.

44.    Defendant states that the performance evaluation referenced in paragraph 44 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 44 of the Complaint are a full and complete summary of the performance evaluation referenced therein.

45.    Defendant states that the performance evaluation referenced in paragraph 45 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 45 of the Complaint are a full and complete summary of the performance evaluation referenced therein.

46.    Defendant states that the performance evaluation referenced in paragraph 46 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 46 of the Complaint are a full and complete summary of the performance evaluation referenced therein.

47.    Defendant states that the performance evaluation referenced in paragraph 47 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 47 of the Complaint are a full and complete summary of the performance evaluation referenced therein.

48.    Defendant denies the allegations in paragraph 48 of the Complaint.

49.    Defendant admits that members of Plaintiff's team won Defendant's President's Club Award. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of the Complaint and therefore denies them.

**The Covert Termination Program**

50.     Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and therefore denies them.

51.     Defendant admits that its website references a no layoff policy, as does Defendant's 2021 proxy statement filed with the Securities & Exchange Commission. Defendant denies the remainder of the allegations in paragraph 51 of the Complaint.

52.     Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and therefore denies them.

53.     Defendant denies the allegations in paragraph 53 of the Complaint.

54.     Defendant states that the e-mail referenced in paragraph 54 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies Plaintiff's characterization of the e-mail in paragraph 54 of the Complaint.

55.     Defendant denies the existence of a covert termination plan and therefore denies the allegations in paragraph 55 of the Complaint.

56.     Defendant states that the document referenced in paragraph 56 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies Plaintiff's characterization of the document referenced in paragraph 56 of the Complaint.

57.     Defendant states that the document referenced in paragraph 57 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies Plaintiff's characterization of the document referenced in paragraph 57 of the Complaint.

58.     Defendant is without information sufficient to form a belief as to what Plaintiff believes or "maintains" and therefore denies the allegations in paragraph 58 of the Complaint.

59.     Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and therefore denies them.

60.     Defendant denies the existence of an alleged covert layoff program and denies Plaintiff's characterization of the e-mail referenced in paragraph 60 of the Complaint. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 of the Complaint and therefore denies them.

61.     Defendant denies the existence of an alleged covert layoff program and therefore denies the allegations in paragraph 61 of the Complaint.

62.     Defendant denies the allegations in paragraph 62 of the Complaint.

63.     Defendant denies the allegations in paragraph 63 of the Complaint.

64.     Defendant denies the existence of an alleged clandestine workforce reduction program and denies Plaintiff's characterization of the e-mail referenced in paragraph 64 of the Complaint. The remaining allegations in paragraph 64 purport to summarize the allegations in Plaintiff's Complaint, which is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the truth of the allegations purportedly summarized in paragraph 64 of the Complaint.

65.     Defendant denies the allegations in paragraph 65 of the Complaint.

66.     Defendant denies the allegations in paragraph 66 of the Complaint.

67.     Defendant denies the allegations in paragraph 67 of the Complaint.

**Plaintiff Receives Negative Reviews**

68.     Defendant admits that in and before December 2022, Peveri received complaints from members of Plaintiff's team regarding Plaintiff's management of the team and that Peveri discussed these issues with Plaintiff. Defendant denies the remaining allegations in paragraph 68 of the Complaint.

69.     Defendant states that the performance evaluation referenced in paragraph 69 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 69 of the Complaint are a full and complete summary of the performance evaluation referenced therein.

70.     Defendant states that the performance evaluation referenced in paragraph 70 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 70 of the Complaint are a full and complete summary of the performance evaluation referenced therein.

71.     Defendant states that the performance evaluation referenced in paragraph 71 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies that the allegations in paragraph 71 of the Complaint are a full and complete summary of the performance evaluation referenced therein.

72.     Defendant denies the allegations in paragraph 72 of the Complaint.

73.     Defendant admits that its managers and supervisors could place employees on performance improvement plans, as appropriate, to address performance issues. Defendant denies the remaining allegations in paragraph 73 of the Complaint.

74.     Defendant admits the allegations in paragraph 74 of the Complaint.

75.     Defendant is without information sufficient to form a belief as to what Plaintiff is or is not aware of and therefore denies the allegations in paragraph 75 of the Complaint.

76.     Defendant admits that on July 30, 2024, Plaintiff requested a copy of his personnel file pursuant to G.L. c. 149, § 152C and that on August 6, 2024 Defendant timely responded to this request.

77.     Defendant denies the allegations in paragraph 77 of the Complaint.

78.     Defendant denies that Peveri's performance evaluation of Plaintiff contains false information. The remaining allegations in paragraph 78 purport to summarize the allegations in Plaintiff's Complaint, which is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the truth of the allegations purportedly summarized in paragraph 78 of the Complaint.

79.     Defendant denies that any action taken by any employee of Defendant, including but not limited to Peveri, regarding Plaintiff's employment with Defendant was based upon Plaintiff's sex or any alleged discriminatory motives. The remaining allegations in paragraph 79 purport to summarize the allegations in Plaintiff's Complaint, which is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the truth of the allegations purportedly summarized in paragraph 79 of the Complaint.

80.     Defendant denies the allegations in paragraph 80 of the Complaint.

### The Plaintiff's Demotion and Termination

81.     Defendant is without information sufficient to form a belief as to what Plaintiff is or is not aware of and therefore denies those allegations in paragraph 81 of the Complaint. Defendant denies the remaining allegations in paragraph 81 of the Complaint.

82.     Defendant denies the allegations in paragraph 82 of the Complaint.

83.     Defendant denies the allegations in paragraph 83 of the Complaint.

84.     Defendant admits that in or around December 2022, Peveri informed Plaintiff that she would remove him from the position of district sales manager. Defendant denies the remaining allegations in paragraph 84 of the Complaint.

85.     Defendant denies the allegations in paragraph 85 of the Complaint.

86.     Defendant admits that in or around January 2023, Plaintiff's bonus percentage was reduced. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 86 of the Complaint and therefore denies them.

87.     Defendant denies the allegations in paragraph 87 of the Complaint.

88.     Defendant admits that it expected Plaintiff to assist Nancy Bowie transition to the role of district sales manager. Defendant denies that Plaintiff did so.

89.     Defendant denies the allegations in paragraph 89 of the Complaint.

90.     Defendant admits that Peveri decided to remove Plaintiff from the position of district sales manager in part because of the complaints she received from members of his team. Defendant denies the remaining allegations in paragraph 90 of the Complaint.

91.     Defendant admits the allegations in paragraph 91 of the Complaint.

92.     Defendant denies the allegations in paragraph 92 of the Complaint.

93.     Defendant admits that in or around January 2023, Plaintiff's salary remained the same and his bonus percentage was reduced. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93 of the Complaint and therefore denies them.

94.     Defendant denies the allegations in paragraph 94 of the Complaint.

95.    Defendant denies the allegations in paragraph 95 of the Complaint.

96.    Defendant admits that working in its warehouse at times involves performing manual labor. Defendant denies that the allegations in paragraph 96 of the Complaint accurately characterize Plaintiff's job duties after he was removed from the position of district sales manager.

97.    Defendant is without information sufficient to form a belief as to what Plaintiff does or does not know and therefore denies the allegations in paragraph 97 of the Complaint.

98.    Defendant admits that its managers and/or supervisors could complete a personnel action form reflecting certain changes in the employment status of an employee they managed and/or supervised. Defendant denies the allegations in paragraph 98 of the Complaint.

99.    Defendant admits the allegations in paragraph 99 of the Complaint.

100.    Defendant is without information sufficient to form a belief as to what Plaintiff believes and therefore denies the allegations in paragraph 100 of the Complaint.

101.    Defendant admits that in or around December 2023, Plaintiff sought to meet with Peveri and Brian Carrabes, who is the regional vice president and is Plaintiff's brother. Defendant denies that Peveri treated Plaintiff unfairly, and Defendant further denies the remaining allegations in paragraph 101 of the Complaint.

102.    Defendant denies that Peveri engaged in behavior prohibited by the Code, acted in a dishonest manner, discriminated against Plaintiff based upon his sex or status in any other protected class or treated her close friends more favorably, and Defendant therefore denies the allegations in paragraph 102 of the Complaint.

103.    Defendant admits that Plaintiff, Peveri and Brian Carrabes met in Brian Carrabes' office on February 5, 2024. Defendant denies the remaining allegations in paragraph 103 of the Complaint.

104.    Defendant denies the allegations in paragraph 104 of the Complaint.

105.    Defendant admits that during the February 5, 2024 meeting, Plaintiff asked Peveri and Brian Carrabes about another position within Expeditors for which Plaintiff had applied. Defendant denies the remaining allegations in paragraph 105 of the Complaint.

106.    Defendant denies the allegations in paragraph 106 of the Complaint.

107.    Defendant denies the allegations in paragraph 107 of the Complaint.

108.    Defendant admits that Peveri left the February 5, 2024 meeting before Plaintiff and Brian Carrabes. Defendant denies the remaining allegations in paragraph 108 of the Complaint.

109.    Defendant denies Plaintiff's characterization of the February 5, 2024 meeting, as described in paragraph 109 of the Complaint.

110.    Defendant admits that Brian Carrabes told Plaintiff to leave his office during the February 5, 2024 meeting due to Plaintiff's hostile, aggressive and threatening conduct. Defendant denies the remaining allegations in paragraph 110 of the Complaint.

111.    Defendant denies the allegations in paragraph 111 of the Complaint.

112.    Defendant denies Plaintiff's characterization of the e-mail referenced in paragraph 112 of the Complaint.

113.    Defendant denies the allegations in paragraph 113 of the Complaint.

114.    Defendant denies the existence of toxic culture and therefore denies those allegations in paragraph 114 of the Complaint. Defendant admits that a former employee named Christina Boudreau voluntarily resigned via e-mail dated July 24, 2024. Defendant denies the truth of the statements in Boudreau's e-mail.

115.    Defendant states that the e-mail referenced in paragraph 115 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a

response is required, Defendant denies the truth of the allegations in the e-mail referenced in paragraph 115 of the Complaint.

116.    Defendant denies the allegations in paragraph 116 of the Complaint.

117.    Defendant admits that Brian Carrabes did not terminate Plaintiff's employment with Defendant on February 5, 2024. The remainder of paragraph 117 of the Complaint consists of a conclusion of law to which Defendant is not required to respond.

118.    Defendant admits that Peveri drafted a Letter of Reprimand ("the Letter") for Plaintiff based upon his hostile, aggressive and threatening conduct during the February 5, 2024 meeting and that the Letter is part of Plaintiff's personnel file. Defendant denies that the statements in the Letter are false.

119.    Defendant admits that Brian Carrabes told Plaintiff to leave his office, and Defendant admits that Brian Carrabes did not tell Plaintiff on February 5, 2024 that Plaintiff was no longer employed by Defendant. Defendant denies that the statements in the Letter are false.

120.    Defendant admits that Plaintiff's employment with Defendant ended because of Plaintiff's conduct as described in the Letter. Defendant denies the that the statements in the Letter are false.

121.    Defendant denies Plaintiff's characterization of the Letter in paragraph 121 of the Complaint.

122.    Defendant denies the allegations in paragraph 122 of the Complaint.

**Equal Opportunity Commission**

123.    Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint and therefore denies them.

124.    Defendant states that the document referenced in paragraph 124 of the Complaint is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the truth of the allegations in the document referenced in paragraph 124 of the Complaint.

125.    Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint and therefore denies them.

126.    Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Complaint and therefore denies them.

## FIRST CAUSE OF ACTION
### (Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. §§ 2000e to 2000e-17 sex discrimination)

127.    Defendant incorporates by reference its responses to paragraphs 1 through 126 of the Complaint above as if expressly set forth herein.

128.    Defendant denies the allegations in paragraph 128 of the Complaint.

129.    Defendant denies the allegations in paragraph 129 of the Complaint.

130.    Defendant denies the allegations in paragraph 130 of the Complaint.

131.    Defendant denies the allegations in paragraph 131 of the Complaint.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

132.    Defendant incorporates by reference its responses to paragraphs 1 through 131 of the Complaint above as if expressly set forth herein.

133.    Defendant denies the allegations in paragraph 133 of the Complaint.

134.    Defendant denies the allegations in paragraph 134 of the Complaint.

135.    Defendant denies the allegations in paragraph 135 of the Complaint.

136.    Defendant denies the allegations in paragraph 136 of the Complaint.

137.    Defendant denies the allegations in paragraph 137 of the Complaint.

138.    Defendant denies the allegations in paragraph 138 of the Complaint.

139.    Defendant denies the allegations in paragraph 139 of the Complaint.

140.    Defendant denies the allegations in paragraph 140 of the Complaint.

141.    Defendant denies the allegations in paragraph 141 of the Complaint.

142.    Defendant denies the allegations in paragraph 142 of the Complaint.

143.    Defendant denies the allegations in paragraph 143 of the Complaint.

### THIRD CAUSE OF ACTION
### (Breach of Oral Contract)

144.    Defendant incorporates by reference its responses to paragraphs 1 through 143 of the Complaint above as if expressly set forth herein.

145.    Defendant denies that it entered into an oral contract with Plaintiff. The remaining allegations in paragraph 145 purport to summarize the allegations in Plaintiff's Complaint, which is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the truth of the allegations purportedly summarized in paragraph 145 of the Complaint.

146.    Defendant denies the allegations in paragraph 146 of the Complaint.

147.    Defendant denies the allegations in paragraph 147 of the Complaint.

148.    Defendant denies the allegations in paragraph 148 of the Complaint.

149.    Defendant denies the allegations in paragraph 149 of the Complaint.

150.    Defendant denies the allegations in paragraph 150 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Wrongful Termination)

151.    Defendant incorporates by reference its responses to paragraphs 1 through 150 of the Complaint above as if expressly set forth herein.

152.    Defendant denies the allegations in paragraph 152 of the Complaint.

153.    Defendant denies the allegations in paragraph 153 of the Complaint.

154.    Defendant denies the allegations in paragraph 154 of the Complaint.

155.    Defendant denies the existence of a covert termination program. The remaining allegations in paragraph 155 purport to summarize the allegations in Plaintiff's Complaint, which is a written document that speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant denies the truth of the allegations purportedly summarized in paragraph 155 of the Complaint.

156.    Defendant denies the allegations in paragraph 156 of the Complaint.

157.    Defendant denies the allegations in paragraph 157 of the Complaint.

## FIFTH CAUSE OF ACTION
### (M.G.L. ch. 149, § 52C)

158.    Defendant incorporates by reference its responses to paragraphs 1 through 157 of the Complaint above as if expressly set forth herein.

159.    Defendant denies the allegations in paragraph 159 of the Complaint.

160.    Defendant denies the allegations in paragraph 160 of the Complaint.

161.    The allegations in paragraph 161 of the Complaint consist of a conclusion of law to which Defendant is not required to respond.

**PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief does not contain any allegations of fact. To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief requested in Plaintiff's Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

### SECOND DEFENSE

To the extent that Plaintiff's claims rely on allegations or discrete acts outside of the applicable statute of limitations, his claims are time-barred.

### THIRD DEFENSE

Plaintiff's claims, in whole or in part, are barred by the failure to exhaust administrative remedies required by applicable laws.

### FOURTH DEFENSE

To the extent that Plaintiff mitigated, minimized or avoided any damages allegedly sustained, any damages against Defendant must be reduced by that amount. In addition, to the extent that Plaintiff failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any damages against Defendant must be barred.

### FIFTH DEFENSE

Any recovery should be offset by sums owed by Plaintiff to Defendant.

### SIXTH DEFENSE

The imposition of punitive, liquidated, exemplary and/or treble damages would constitute an arbitrary or irrational deprivation of property and would be constitutionally impermissible.

## SEVENTH DEFENSE

Plaintiff is not entitled to punitive, liquidated, exemplary and/or multiple damages.

## EIGHTH DEFENSE

The claims of Plaintiff, in whole or in part, are barred by the doctrines of waiver, laches, accord and satisfaction, unclean hands, discharge in bankruptcy, the statute of frauds, failure to satisfy a condition precedent or subsequent, and/or estoppel.

## NINTH DEFENSE

Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine to the extent that discovery shows he engaged in misconduct prior to, during, after, or in connection with his employment, that otherwise would have resulted in the termination of his employment by Defendant, if such conduct were then known to Defendant.

## TENTH DEFENSE

At all times relevant to the allegations in the Complaint, Defendant maintained an effective policy for the prevention and correction of unlawful practices. Notwithstanding the existence of this policy, Plaintiff unreasonably failed to utilize that policy in connection with the allegations of unlawful practices asserted in the Complaint.

## ELEVENTH DEFENSE

Any acts or omissions by Defendant that Plaintiff alleges were done in good faith, and Defendant had reasonable grounds for believing that its acts or omissions were not a violation of any laws.

## TWELFTH DEFENSE

Insofar as Plaintiff seeks to recover for an act or omission not timely referenced in any administrative charge or complaint, Plaintiff may not recover any relief for such alleged act or omission required to be referenced in an administrative charge or complaint.

## THIRTEENTH DEFENSE

Defendant is not liable to the extent that any individual employee or agent acted outside the course and scope of his or her employment.

## FOURTEENTH DEFENSE

Any and all actions Defendant took with respect to Plaintiff were taken for legitimate, nondiscriminatory reasons and consistent with business necessity.

## FIFTHTEENTH DEFENSE

Defendant was justified or privileged in all actions taken towards Plaintiff.

## SIXTEENTH DEFENSE

Defendant would have taken the same actions in regard to Plaintiff in the absence of any alleged discriminatory factor.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to attorneys' fees, costs and/or interest.

## EIGHTEENTH DEFENSE

Defendant alleges that Plaintiff's injuries and/or damages, if any, were solely, directly and proximately caused by Plaintiff's own actions or inactions and were not caused by Defendant, its agents, representatives and/or employees.

## NINETEENTH DEFENSE

Plaintiff's claims are barred by Defendant's performance of its contractual obligations.

### TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of mistake.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of novation.

### TWENTY-SECOND DEFENSE

Defendant hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves the right to amend this Answer and assert such defenses.

### JURY DEMAND

Defendant demands a trial by jury as to all issues so triable.

WHEREFORE, Defendant respectfully submits that there is no basis in law or in fact for the claims set forth in the Complaint and that it should be dismissed in its entirety.

Respectfully submitted,

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.

By Its Attorneys,

*/s/ Asha A. Santos*

Asha A. Santos, Bar No. 670861
asantos@littler.com
Matthew J. Lynch, Bar No. 689363
mlynch@littler.com

LITTLER MENDELSON, P.C.
One International Place
Suite 1300
Boston, MA  02110
Telephone:    617.378.6000
Facsimile:    617.737.0052

Dated: November 21, 2024

## **CERTIFICATE OF SERVICE**

I, Asha A. Santos, hereby certify that on this 21st day of November 2024, the foregoing

Answer was filed electronically through the ECF system, is available for viewing and downloading

from the ECF system, and will be sent electronically to all registered participants identified on the

Notice of Electronic Filing and via first-class mail to all non-registered participants identified on

the Notice of Electronic Filing.

*/s/ Asha A. Santos*
Asha A. Santos

4853-3766-1681.1 / 086897-1185