UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CARRABES,<br><br>        Plaintiff,<br><br>  v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,<br><br>        Defendant. | Civil Action No. 1:24-cv-12142-AK |

## **DEFENDANT EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.'S MOTION TO SET A STATUS CONFERENCE**

Defendant Expeditors International of Washington, Inc. ("Expeditors") hereby moves this Court to set a status conference to address an unauthorized recording of a Zoom proceeding in this matter or, in the alternative, requests that this Court add this issue to the agenda of items to be addressed at the February 7, 2025 Scheduling Conference in this matter. Expeditors first learned of this unauthorized recording on January 7, 2025, when members of Expeditors' Board of Directors received an anonymous e-mail from a Proton e-mail account,[1] secure.report.500@proton.me. (Aff. Matthew J. Lynch ("Lynch Aff.") ¶ 11, Ex. C.) This e-mail, which was also addressed to more than 70 other recipients, contained an audio file with a recording of a Zoom proceeding held before Hon. Patti B. Saris on January 6, 2025. (Id.) This Zoom proceeding was attended by counsel for both parties and, potentially, at least two unidentified individuals whose phone numbers were displayed during the Zoom proceeding, though these individuals did not enable their cameras. (Id. ¶ 9.) Upon receiving the e-mail with this unauthorized audio recording, undersigned counsel notified this Court via e-mail, copying

---

[1] Proton bills itself as an end-to-end encrypted e-mail service that uses a "zero-access architecture," meaning even Proton cannot decrypt or turn over its users' e-mails. How Safe is Proton Mail? Security Features Explained | Proton

Plaintiff's counsel. (Id. ¶ 13.) Upon information and belief, this Court can identify any and all individuals who attended the Zoom scheduling conference because non-party attendees must register to attend a specific hearing by providing their name, e-mail address and telephone number. Here, identifying the individual(s) who made this unauthorized recording is important for several reasons. First, this recording appears to have been made in violation of Local Rule 83.3(a), which prohibits any person from recording proceedings of this Court, absent four exceptions that do not apply in this instance. See LR 83.3(a). As such, any person who made this recording is subject to sanctions, including the loss of credentials and other penalties. See id.

Moreover, in the last several weeks, this same Proton e-mail account was used by unidentified individual(s) to send vulgar e-mails not only to Expeditors' employees but also ***to their family members***. These e-mails contain defamatory allegations against the same individuals Plaintiff claims wrongfully terminated him. Specifically, Plaintiff claims that an Expeditors employee named Brian Carrabes, who is Plaintiff's brother, fired Plaintiff during a February 5, 2024 argument in Brian Carrabes' office. On December 31, 2024, Brian Carrabes' daughter received a vulgar e-mail from this Proton e-mail account.[2] (Lynch Aff. ¶ 7.) Other e-mails, sent to Expeditors' customers and to numerous other non-parties, have disclosed the names and personal phone numbers and e-mail addresses of Brian Carrabes, his parents, and his daughters, and these e-mails have also identified other Expeditors employees by name and disclosed their work e-mail addresses and personal cell phone numbers. (Lynch Aff. ¶ 4, Exs. A & B.) Expeditors has received complaints and concerns from its employees as a result of these e-mails, and Expeditors has taken additional safety precautions to address these concerns. (Affidavit of Matt

---

[2] To protect the privacy rights of uninvolved third parties, Expeditors is not filing this e-mail on the public docket in advance of the Scheduling Conference. If this Court wishes to review this e-mail, Expeditors requests leave to submit this e-mail for *in camera* review, or, in the alternative, to file a motion seeking to file this e-mail under seal.

Littleton ¶¶ 5-15.) These additional safety precautions include hiring armed, off-duty police officers at Expeditors' facilities and residences of Expeditors' employees. (Id.)

The e-mails sent to Expeditors customers also appear intentionally calculated to interfere with Expeditors' business relationships with its customers and its employees. For example, on December 27, 2024, this same Proton e-mail account was used to send a mass e-mail to Expeditors' customers, accusing Expeditors of "fraudulent billing practices," "workforce exploitation," and "outright regulatory non-compliance and safety failures." (Lynch Aff. ¶ 4, Ex. A.) This e-mail then stated that "Clients must terminate their engagements with EI [Expeditors International] to protect their financial integrity, reputational standing, and operational security" and that "The time has come to end all associations with this organization and take collective action to rebuild trust and accountability in the logistics industry." (Id.)

At the very least, the individual(s) responsible for sending these e-mails appear to have potentially relevant and discoverable information in this litigation. Many of the allegations in these e-mails contain assertions similar to the allegations not only in Plaintiff's Complaint, which is publicly available on PACER, but also in documents that were not publicly available at the time the e-mails were sent, such as a proposed amended complaint that Plaintiff had served by e-mail on January 5, 2025 but had not filed. Further, Expeditors and/or several of its individual employees may also have grounds to pursue legal claims such as defamation, intentional interference with business relations, criminal harassment, and invasion of privacy against these individual(s). Thus, Expeditors requests a status conference to address this issue, or, in the alternative, Expeditors requests that this issue be addressed at the February 7, 2025 Scheduling Conference in this matter. Expeditors respectfully submits that it is in the interests of this Court and of all parties to identify the individual(s) who (1) made an unauthorized recording of a proceeding in this matter and then

- 3 -

4933-3949-9280

publicly disseminated that recording by using an anonymous e-mail account and (2) appear to be potential witnesses in this matter.

For the reasons set forth above, Expeditors respectfully requests that this Court set a status conference to address this unauthorized recording and the related, anonymous e-mails sent from the same Proton e-mail account or that this Court address the issue at the Scheduling Conference. Expeditors further states that it is not filing a memorandum of law, as generally required by Local Rule 7.1(b)(1) because this motion merely seeks to set a status conference and does not seek any form of substantive legal relief.

## **LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I have conferred in good faith with counsel for Plaintiff, Adam P. Clermont, in a good faith attempt to resolve or narrow the issues raised in Defendant's motion.

- 4 -

4933-3949-9280

Respectfully submitted,

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.

By Its Attorneys,

*/s/ Matthew J. Lynch*

Asha A. Santos, Bar No. 670861
asantos@littler.com
Matthew J. Lynch, Bar No. 689363
mlynch@littler.com

LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA  02110
Telephone:    617.378.6000
Facsimile:    617.737.0052

Dated:  February 4, 2025

# **CERTIFICATE OF SERVICE**

I, Matthew J. Lynch, hereby certify that on this 4th day of February 2025, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to all registered participants identified on the Notice of Electronic Filing and via first-class mail to all non-registered participants identified on the Notice of Electronic Filing.

                                            */s/ Matthew J. Lynch*
                                            Matthew J. Lynch