UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CARRABES,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,<br><br>　　　　　　Defendant. | Civil Action No. 1:24-cv-12142-AK<br><br>**LEAVE TO FILE GRANTED ON 3/5/25** |

**DEFENDANT EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

Plaintiff's reply (Doc. No. 50) does not and cannot remedy the fatal flaws in his proposed amended complaint (Doc. No. 28-1), and his motion to amend (Doc. No. 28) should therefore be denied.[1]

**I.　PLAINTIFF FAILS TO STATE CIVIL RICO CLAIMS AGAINST EXPEDITORS**

　　**A.　Plaintiff Cannot Allege the Predicate Acts of Mail or Wire Fraud**

In his reply—and at oral argument—Plaintiff ignored his inability to sufficiently allege that Expeditors engaged in predicate acts of mail or wire fraud (Doc No. 50, Pl.'s Reply pp. 2-9.). Absent the existence of predicate acts, Plaintiff's proposed RICO claims fail as a matter of law. See Lee v. Comprehensive Health Mgmt., Civ. No. 20-00028 JMS-WRP, 2020 WL 4810108, at *5 (D. Haw. Aug. 18, 2020); Subramanian v. Tata Consultancy Servs. Ltd., 352 F. Supp. 3d 908, 917-18 (D. Minn. 2018). Notably, numerous courts have rejected similar attempts to contort

---

[1] As this Court is aware, Expeditors submits this sur-reply after this Court held oral argument on Plaintiff's motion to amend. (Doc. No. 52.) As a result, Expeditors' sur-reply only addresses Plaintiff's proposed civil RICO claims and promissory estoppel claims. Plaintiff's proposed interference with contractual and/or advantageous relations claims against Brian Carrabes and Tracy Peveri fail for the reasons already set forth in Expeditors' opposition and at oral argument.

routine employment disputes into sweeping, unfounded civil RICO claims. See Lee, 2020 WL 4810108, at *5 (alleged discriminatory acts leading to termination, such as violating employer's policies and guidelines, were not mail or wire fraud for purposes of civil RICO claim); Subramanian, 352 F. Supp. 3d at 917-18 (using mail and e-mail to communicate allegedly false reasons for termination did not constitute mail or wire fraud); Jones v. Enterprise Rent A Car Co. of Texas, 187 F. Supp. 2d 670, 678-83 (S.D. Tex. 2002); see also Jakuttis v. Town of Dracut, Massachusetts, 656 F. Supp. 3d 302, 343 (D. Mass. 2023), aff'd in part, remanded in part sub nom. Jakuttis v. Town of Dracut, 95 F.4th 22 (1st Cir. 2024) (actions must be "indictable, chargeable, or punishable" under mail and wire fraud statute to serve as predicate acts in civil RICO claims). In Subramanian, the plaintiff alleged that the defendants committed mail and wire fraud by "the use of the postal service and wire communications to facilitate a scheme to avoid liability under state and federal law by devising and communicating a false pretext for Subramanian's termination"—the same conduct Plaintiff relies upon for his purported civil RICO claims against Expeditors. See 352 F. Supp. 3d at 918; (Doc No. 28-1, Pl.'s Proposed Am. Compl. ¶¶ 365-379.) However, the court in Subramanian denied the plaintiff's motion to add civil RICO claims because the court noted that these allegations were nothing more than an impermissible attempt to repackage allegations of pretext under Title VII as civil RICO violations and were not within the scope of conduct RICO seeks to address:

> … [T]he amended complaint does not allege that Defendants used material falsehoods to 'deceive or cheat' Subramanian out of his employment. Instead, the amended complaint alleges that Defendants violated state and federal employment laws and used falsehoods as a pretext for those actions. Even if Defendants' conduct might subject Defendants to liability under state and federal employment laws, Defendants' conduct does not fall within the scope of criminal liability required for mail or wire fraud. As such, Defendants' communications about Subramanian's termination of employment cannot establish statutory standing for his RICO claim.

Id. at 918.

Here, Plaintiff's proposed civil RICO claim founders upon the same shores as numerous other, ill-fated attempts. See id.; see also Beck v. Prupis, 529 U.S. 494, 505–06 (2000); Camelio v. Am. Fed'n, 137 F.3d 666, 670 (1st Cir. 1998); Miranda v. Ponce Fed. Bank, 948 F.2d 41, 46 (1st Cir. 1991) (abrogated on other grounds); Willis v. Lipton, 947 F.2d 998, 1001 (1st Cir. 1991); Pujol v. Shearson/Am. Exp., Inc., 829 F.2d 1201, 1205 (1st Cir. 1987); Nodine v. Textron, Inc., 819 F.2d 347, 348–49 (1st Cir. 1987).  Plaintiff's feeble efforts in his reply to salvage his claim are unavailing, as further evidenced by the fact that the very case he relies upon also torpedoes his proposed civil RICO claims.  See Jones, 187 F. Supp. 2d at 678-83.  In Jones, the court dismissed the plaintiff's civil RICO claims against her former employers because, despite the plaintiff's attempts to plead otherwise, allegations of wrongful or discriminatory termination are simply not the stuff of RICO violations:

> This Court, like the court in Haviland[2], is disturbed by, and wholly rejects the notion that a plaintiff may alter the contours of a proximate causation or standing analysis merely by adding or removing legal labels. If this were true, Sedima's[3] rigorous standing requirements would be facilely eroded by skillfully drafted pleadings, and defendants would be liable to every person injured by their non-RICO conduct.

Id. at 683 (footnotes added).  In dismissing the plaintiff's claims, the court in Jones explicitly discussed and agreed with First Circuit precedent refusing to extend civil RICO claims to cover wrongful termination claims.  See id. at 683 (citing Miranda and Nodine).  As the court in Jones concluded:

> Plaintiff's pleadings may be creative, but they are not capable of altering well-established principles of proximate causation and standing under Sedima, nor of eradicating the widespread and unwavering interpretations of these principles in the context of employee discharge cases.

---

[2] Haviland v. J. Aron & Co., 796 F. Supp. 95, 100-01 (S.D.N.Y. 1992).
[3] Sedima v. Imrex Co., Inc., 473 U.S. 479, 497 (1985).

Id. at 683. Here, Plaintiff's impermissible attempt to shoehorn a routine employment dispute into the rubric of a civil RICO violation is similarly futile. See Beck, 529 U.S. at 505–06; Camelio, 137 F.3d at 670; Miranda, 948 F.2d at 46; Willis, 947 F.2d at 1001; Pujol, 829 F.2d at 1205; Nodine, 819 F.2d at 348–49; see also Lee, 2020 WL 4810108, at *5; Subramanian, 352 F. Supp. 3d at 917-18; Johnson v. Great W. Cas. Co., C.A. No. 14 C 7858, 2015 WL 4751128, at *7 (N.D. Ill. Aug. 11, 2015) (emphasizing that civil RICO claims should align with "Congress's concern with long-term criminal conduct" and not ordinary employment disputes); Jones, 187 F. Supp. 2d at 678-83.

### B. Plaintiff Does Not Sufficiently Allege the Existence of an Enterprise

Plaintiff's arguments in his reply that Expeditors, along with its individual employees and subsidiaries, constituted an "enterprise" for purposes of a civil RICO claim are contradictory and unavailing. (Doc No. 50, Pl.'s Reply, pp. 6-9.) Although Plaintiff seemingly argues that Expeditors' opposition relies upon mere corporate formalities to show that Plaintiff fails to allege the existence of the "enterprise" required by RICO, Plaintiff is in fact the party whose allegations draw from pleadings in other, unrelated matters that have nothing to do with RICO but instead address wholly unrelated matters of corporate form, such as whether a court may exercise personal jurisdiction over a subsidiary through the parent corporation or whether a subsidiary and parent corporation may be treated as alter egos of each other. (Doc No. 48-1, ¶¶ 56-68, 367.) In doing so, Plaintiff ignores the holding of the very precedent he cites. See Bessette v. Avco Fin. Servs., Inc., 230 F. 3d 439, 449 (1st Cir. 2000). In Bessette, the First Circuit noted that "[i]n most cases a subsidiary that is under the complete control of the parent company is nothing more than a division of the one entity." Id. This is essentially what Plaintiff alleges, i.e., that Expeditors' various subsidiaries took steps at the direction of Expeditors to reduce headcount, the same as

would different divisions within a single corporation.  See id.  As the First Circuit held in Bessette, " … a subsidiary that simply conducts its affairs as delegated by the parent company for the profit of the parent company is engaged in nothing more than a legitimate corporate and financial relationship, which is certainly not subject to RICO liability on that basis alone."  Id.  As such, even if Plaintiff could clear the hurdle of alleging that Expeditors committed any predicate acts of mail or wire fraud that proximately caused his alleged harm—and he cannot—Plaintiff fails to allege an "enterprise" under RICO.  See id.

Thus, for the reasons set forth above, and in Expeditors' opposition (Doc No. 48, pp. 6-8), Plaintiff's motion to amend must be denied as to his proposed civil RICO claims.  See id.

## II.     PLAINTIFF'S PROPOSED PROMISSORY ESTOPPEL CLAIM IS FUTILE

In his Reply, Plaintiff addressed his contract and promissory estoppel claims collectively (Doc No. 50, pp. 9-11), and, during oral argument, Plaintiff contended that his breach of contract claims arise out of Expeditors' Code of Business Conduct, not the company handbook. However, this alleged distinction does not address, let alone rebut, the fact that regardless of which document or documents Plaintiff relies upon for his promissory estoppel claim, Plaintiff has not alleged, and cannot allege, the kind of specific promise required to sufficiently state such a claim.  See Upton v. JW Businessland, 425 Mass. 756, 760 (1997).  Plaintiff's proposed promissory estoppel claim (Doc No. 28-1, ¶¶ 355-360) specifically relies upon nothing more than conclusory references to vague and concepts such as "fair and equal treatment," "honesty, integrity and fairness" and an alleged "no layoff policy."  (Id. ¶¶ 356(a)-(c).)  However, these generalized references are not sufficient to state a promissory estoppel claim because none of these alleged statements suggest that Plaintiff was anything other than at-will employee who could be terminated at any time, as clearly established by the plain language of the handbook that Expeditors has proffered and that

may properly be considered by this Court at this stage.  See Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007); Bell v. Rinchem Co., Inc., C.A. No. 4:14-40177-TSH, 2014 WL 11290899, at *13 n.19 (D. Mass. Dec. 2, 2014).  Plaintiff's proposed promissory estoppel claim is therefore futile, for the reasons set forth in Expeditors' opposition.  See O'Brien v. Anolog Devices, Inc., 34 Mass. App. Ct. 905, 905–06 (1993).

    Respectfully submitted,

    EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,

    By Its Attorneys,

    */s/ Matthew J. Lynch*
    Asha A. Santos, BBO No. 670861
    asantos@littler.com
    Matthew J. Lynch, BBO No. 689363
    mlynch@littler.com

    LITTLER MENDELSON, P.C.
    One International Place
    Suite 2700
    Boston, MA  02110
    Telephone:    617.378.6000
    Facsimile:    617.737.0052

Dated:  March 28, 2025

- 7 -

**CERTIFICATE OF SERVICE**

 I hereby certify that a true and accurate copy of the within document was filed and served electronically by operation of the Court's CM/ECF System upon the following counsel of record on this 28th day of March 2025:

Adam P. Clermont, Esq.
6 Liberty Square
PMB 226
Boston, MA 02109
aclermont@attorneyapc.com

                */s/ Matthew J. Lynch*
                Matthew J. Lynch