# EXHIBIT 6



**Littler Mendelson, P.C.**
One International Place
Suite 2700
Boston, MA  02110

Matthew J. Lynch
617.378.6020 direct
617.378.6000 main
mlynch@littler.com

April 11, 2025

**VIA E-MAIL: ACLERMONT@ATTORNEYAPC. COM**

Adam Clermont, Esq.
6 Liberty Square
PMB 226
Boston, MA  02109

Re:   **Michael Carrabes v. Expeditors International of Washington, Inc.**
      **C.A. No. 1:24-cv-12142-AK**

Dear Counsel:

Please accept this correspondence in response to Plaintiff Michael Carrabes' ("Plaintiff") Notice of Rule 30(b)(6) Deposition ("Notice") of Defendant Expeditors International of Washington, Inc. ("Expeditors"). Expeditors hereby responds to the Notice as follows:

As to the Topics listed in the Notice, in overview:

1.   Rule 30(b)(6) requires that a corporate representative deposition notice "describe with <u>reasonable particularity</u> the matters on which examination is requested." Several of these Topics are not described with reasonable particularity.

2.   Likewise, many of these Topics are overly broad, in that they go far beyond the claims or defenses of this matter.

3.   In a similar vein, for Expeditors to properly investigate some of these Topics, as worded, would be an undue burden, and it would be impracticable for any individual to be expected to testify to these burdensome Topics from memory.

4.   Expeditors further objects to any Topic to the extent it calls for Expeditors to search and/or retrieve data electronically stored in inaccessible media and/or formats, which would be prohibitively expensive, time-consuming, and burdensome to access, find, and/or produce.

5.   Many of the Topics appear to be duplicative of written discovery already propounded and answered and/or seek information that can be obtained by other, less costly discovery methods.  A court may properly deny 30(b)(6) deposition requests that are unduly burdensome, particularly where

littler.com

Adam Clermont, Esq.
April 11, 2025
Page 2

preparation for the depositions is likely to be costly, the potential benefit to the plaintiff is low, and more convenient, less costly, and less burdensome options exist. *See Sahu v. Union Carbide Corp.*, 528 Fed. App'x. 96, 103 (2d Cir. 2013); *see also Jasco Tools, Inc., v. Dana Corp.*, 574 F.3d 129, 150 (2d Cir. 2009).

6. Expeditors objects to the extent any Topic seeks attorney-client or work-product privileged information.

7. Expeditors objects to the extent Plaintiff seeks to use the Notice in this matter to conduct discovery as to other, unrelated claims and/or potential claims against Expeditors by individuals other than Plaintiff, or claims by Expeditors against other individuals, who are not parties to this matter.

Expeditors further objects and responds to each Topic as follows:

**Topic 1:**     **Corporate Structure and Role**

a. The corporate structure and relationship between Expeditors and its subsidiaries, including but not limited to Expeditors Hong Kong Limited and Expeditors Singapore Pte Ltd.

b. The roles and responsibilities of key executives and decision-makers in the workforce reduction scheme described in the Plaintiff's Complaint, including but not limited to Jeffrey Musser, McCray Pettway, Kevin Osborn, Jeffrey Dickerman, Allen Wang and others.

c. The chain of command and reporting structure for District Managers, Regional Vice Presidents, and Human Resources personnel.

**Objection:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, in that it seeks information about corporate entities for which Plaintiff never worked and seeks information about individuals who never supervised Plaintiff and/or had no involvement in the events that led to Plaintiff's separation of employment from Expeditors and in that this Topic is not reasonably tailored to Plaintiff's allegations in this matter.

Expeditors further objects to this Topic on the grounds that it is overbroad in temporal and geographic scope, unduly burdensome and harassing. Expeditors further objects that this Topic is duplicative of written discovery already propounded and answered and seeks information that is a matter of public record. Expeditors also objects that this "Topic" as phrased actually consists of several, unrelated categories of testimony and in fact constitutes different topics.

Expeditors further objects to this Topic as vague and ambiguous because the terms "corporate structure and relationship," "roles and responsibilities," "workforce reduction scheme," and "chain of command" do not describe the matter on which examination is requested with reasonable particularity. Expeditors also objects to this Topic to the extent it assumes the truth of allegations in Plaintiff's operative complaint that Expeditors denies.

Adam Clermont, Esq.
April 11, 2025
Page 3

Consistent with the foregoing objections, Expeditors is willing to present a witness who can generally describe Expeditors' reporting and management structure as it applied to Plaintiff during the relevant time period of his employment with Expeditors in Peabody, Mass.

**Topic 2:** **Code of Business Conduct**

a. The drafting, approval, implementation, and enforcement of Expeditors' Code of Business Conduct.

b. Representations made by Expeditors regarding the binding nature of the Code, including public statements, employee communications, and testimony or claims made in other litigation.

c. Policies and procedures for investigating alleged violations of the Code and enforcing its provisions.

d. Any disclaimers or limitations concerning the legal enforceability of the Code.

e. Any certifications of the Code made by the Plaintiff, Brian Carrabes and Tracy Peveri.

**Objection:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, in that seeks a legal conclusion, which is beyond the scope of Rule 30(b)(6).

Expeditors further objects to this Topic on the grounds that it is overbroad in temporal scope, unduly burdensome and harassing. Expeditors further objects that this Topic is duplicative of written discovery already propounded and answered and seeks information that is a matter of public record.

Expeditors further objects to this Topic as vague and ambiguous because the terms "approval," "implementation," "enforcement," "binding nature," "public statements," "employee communications," "disclaimers or limitations," "legal enforceability" and "certifications" do not describe the matter on which examination is requested with reasonable particularity. Expeditors also objects to this Topic to the extent it assumes the truth of allegations in Plaintiff's operative complaint and/or written discovery that Expeditors denies. Expeditors objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

Consistent with the foregoing objections, Expeditors is willing to present a witness who can generally describe Expeditors' Code of Business Conduct ("the Code"), how Expeditors applies the Code, and the Code as it applied to Plaintiff during the relevant time period of his employment with Expeditors.

**Topic 3:** **No-Layoff Policy**

a. The history, purpose, and implementation of Expeditors' no-layoff policy.

3

Adam Clermont, Esq.
April 11, 2025
Page 4

b.        Public statements and internal communications regarding the no-layoff policy, including those on Expeditors' website, social media, and press releases.

c.        Any exceptions to the no-layoff policy and communications regarding those exceptions.

**Objection:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses. Expeditors further objects to this Topic to the extent it would require the corporate representative to memorize statements which are contained in documents that speak for themselves.

Expeditors also objects to this Topic on the grounds that it is overbroad in temporal scope, unduly burdensome and harassing. Expeditors further objects that this Topic is duplicative of written discovery already propounded and answered and seeks information that is a matter of public record.

Expeditors further objects to this Topic as vague and ambiguous because the terms "history," "purpose," "implementation," "internal communications," and "exceptions" do not describe the matter on which examination is requested with reasonable particularity. Expeditors objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

Consistent with the foregoing objections, Expeditors is willing to present a witness who can generally describe Expeditors' policies regarding separation of employment during the relevant time period of Plaintiff's employment with Expeditors.

**Topic 4:**        **Workforce Reduction Scheme**

a.        The January 24, 2023 email from CEO Jeffrey Musser and any subsequent communications regarding workforce reductions.

b.        The planning, implementation, and execution of the workforce reduction scheme, including directives to District Managers and Regional Vice Presidents.

c.        The criteria, decision-making process, and methodology for identifying employees for termination, reassignment, or placement on PIPs.

d.        Communications and training provided to managers on implementing the workforce reduction scheme.

e.        The use of pretextual reasons, fabricated performance deficiencies, and misconduct allegations to justify terminations or coerced resignations.

Adam Clermont, Esq.
April 11, 2025
Page 5

f.      Coordination between Expeditors' headquarters and its subsidiaries regarding workforce reductions.

**Objection:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, in that it seeks information about corporate entities for which Plaintiff never worked and seeks information about individuals who never supervised Plaintiff and/or had no involvement in the events that led to Plaintiff's separation of employment from Expeditors. Expeditors also objects to this Topic to the extent it assumes the truth of allegations in Plaintiff's operative complaint and/or written discovery that Expeditors denies. Expeditors further objects to this Topic to the extent it would require the corporate representative to memorize statements which are contained in documents that speak for themselves.

Expeditors further objects to this Topic on the grounds that it is overbroad in temporal and geographic scope, unduly burdensome and harassing. Expeditors further objects that this Topic is duplicative of written discovery already propounded and answered. Expeditors also objects that this "Topic" as phrased actually consists of several, unrelated categories of testimony and in fact constitutes different topics.

Expeditors further objects to this Topic as vague and ambiguous because of its compound nature and the terms "workforce reduction scheme," "planning," "implementation," "execution," "criteria," "decision-making process," "methodology," "pretextual reasons," "fabricated performance deficiencies," "misconduct allegations," "coerced resignations," and "coordination" do not describe the matter on which examination is requested with reasonable particularity. Expeditors objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

Consistent with the foregoing objections, Expeditors is willing to present a witness who can generally describe Expeditors' performance management of employees, including the use of a performance improvement plan ("PIP") in some cases, and personnel and disciplinary decisions at Expeditors' Peabody, Mass. office during the relevant time period of Plaintiff's employment with Expeditors.

**Topic 5:**      **Performance Improvement Plans (PIPs)**

a.      Expeditors' policies and practices concerning PIPs, including their purpose, criteria, and implementation.

b.      The use of PIPs as part of the covert termination scheme, including any directives to managers regarding their use.

c.      The number of employees placed on PIPs from January 1, 2022, to the present, broken down by sex, age, position, and location.

Adam Clermont, Esq.
April 11, 2025
Page 6

**Objection:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, in that it seeks information about any employee ever placed on a PIP for any reason since January 1, 2022, more than three years ago. Expeditors also objects to this Topic to the extent it assumes the truth of allegations in Plaintiff's operative complaint and/or written discovery that Expeditors denies.

Expeditors further objects to this Topic on the grounds that it is overbroad in temporal and geographic scope, unduly burdensome and harassing. Expeditors further objects that this Topic is duplicative of written discovery already propounded and answered and of Topics already identified in this Notice.

Expeditors further objects to this Topic as vague and ambiguous because the terms "covert termination scheme" and "directives" do not describe the matter on which examination is requested with reasonable particularity.

Consistent with the foregoing objections, Expeditors is willing to present a witness who can generally describe Expeditors' performance management of employees, including the use of a performance improvement plan ("PIP") in some cases, at Expeditors' Peabody, Mass. office during the relevant time period of Plaintiff's employment in the Peabody office.

**Topic 6:**     **Compensation and Benefits**

a.   Expeditors' policies and practices regarding equity awards, including forfeiture and reversion provisions.

b.   The administration of the 2017 Omnibus Incentive Plan and the Employee Stock Purchase Plan (ESPP), including the role of Fidelity and other trustees.

c.   The impact of terminations on unvested equity awards, bonus pool allocations, and 401(k) contributions.

d.   Communications with Fidelity and T. Rowe Price regarding terminated employees' benefits.

**Objection:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, in that it is not reasonably tailored to Plaintiff's allegations in this matter. Expeditors also objects to this Topic to the extent it assumes the truth of allegations in Plaintiff's operative complaint and/or written discovery that Expeditors denies. Expeditors further objects to this Topic to the extent it would require the corporate representative to memorize statements which are contained in documents that speak for themselves.

Adam Clermont, Esq.
April 11, 2025
Page 7

Expeditors further objects to this Topic on the grounds that it is overbroad in temporal and geographic scope, unduly burdensome and harassing. Expeditors further objects that this Topic is duplicative of written discovery already propounded and answered.

Expeditors further objects to this Topic as vague and ambiguous because of its compound nature and the terms "policies and practices," "equity awards," "forfeiture and reversion provisions," "administration," "the role of Fidelity and other trustees," "impact of termination," and "terminated employees' benefits" do not describe the matter on which examination is requested with reasonable particularity. Expeditors further objects to this Topic to the extent it seeks confidential information concerning individuals who are not parties to this case, the disclosure of which could infringe upon the privacy interests of such individuals.

Consistent with the foregoing objections, Expeditors is willing to present a witness who can generally describe Expeditors' compensation policies as they applied to Plaintiff during the relevant time period of his employment with Expeditors and Plaintiff's compensation during the relevant time period of his employment with Expeditors.

**Topic 7: Separation Agreements and NDAs**

a. The drafting, approval, and implementation of separation agreements, severance agreements, and NDAs used by Expeditors from January 1, 2020, to the present.

b. Any standard language, templates, or policies used in such agreements, including provisions regarding confidentiality, non-disparagement, and waiver of claims.

c. The circumstances under which Expeditors required employees or former employees to sign NDAs or separation agreements as part of their resignation or termination.

d. The number of employees required to sign NDAs or separation agreements from January 1, 2020, to the present, broken down by sex, age, position, and location.

e. Communications with employees or their attorneys regarding the negotiation or signing of separation agreements or NDAs.

**Objection:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, in that Plaintiff did not sign a separation agreement or non-disclosure agreement ("NDA") as part of his separation from Expeditors and none of his claims relate to a separation agreement or NDA. Expeditors further objects to this Topic to the extent it would require the corporate representative to memorize statements which are contained in documents that speak for themselves.

Adam Clermont, Esq.
April 11, 2025
Page 8

Expeditors further objects to this Topic on the grounds that it is overbroad in temporal and geographic scope, unduly burdensome and harassing. Expeditors also objects to this Topic to the extent it seeks confidential information concerning individuals who are not parties to this case, the disclosure of which could infringe upon the privacy interests of such individuals. Expeditors further objects to this Topic to the extent it seeks information protected from disclosure by laws, statutes, regulations and/or private agreement.

Expeditors further objects to this Topic as vague and ambiguous because of its compound nature and the terms "approval," "implementation," "circumstances," "required," and "negotiation or signing" do not describe the matter on which examination is requested with reasonable particularity.

Expeditors also objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

**Topic 8: Comparators and Similarly Situated Employees**

a. Identification of female employees who held positions similar to the Plaintiff or were subject to similar performance reviews or disciplinary actions.

b. The treatment of female employees who were subject to negative performance reviews, PIPs, demotions, or terminations from January 1, 2020, to the present.

c. The treatment of male employees compared to female employees regarding disciplinary actions, demotions, and terminations.

d. Documentation and communications related to employees outside the Plaintiff's protected class (e.g., female employees) who were retained, promoted, or received more favorable treatment under similar circumstances.

**Objection:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, in that it appears to seek information about broad classes of male and female employees without any reasonable limitation to the subject matter of this action, going back at least to January 1, 2020, more than five years ago. Expeditors further objects to this Topic to the extent it would require the corporate representative to memorize statements which are contained in documents that speak for themselves.

Expeditors further objects to this Topic on the grounds that it is overbroad in temporal and geographic scope, unduly burdensome and harassing.

Expeditors further objects to this Topic as vague and ambiguous because the terms "similar performance reviews or disciplinary actions," "treatment of male employees compared to female employees," "more

Adam Clermont, Esq.
April 11, 2025
Page 9

favorable treatment," and "under similar circumstances" do not describe the matter on which examination is requested with reasonable particularity.

Expeditors also objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Expeditors further objects to this Topic to the extent it seeks confidential information concerning individuals who are not parties to this case, the disclosure of which could infringe upon the privacy interests of such individuals. Expeditors further objects to this Topic to the extent it seeks information protected from disclosure by laws, statutes, regulations and/or private agreement.

Expeditors further objects to this request to the extent it seeks a legal conclusion, which is beyond the scope of Rule 30(b)(6) in that it seeks information about "comparators" and "similarly situated employees," which are legal terms of art.

Consistent with the foregoing objections, Expeditors is willing to present a witness who can generally describe Expeditors' management of male and female employees at Expeditors' Peabody, Mass. office during the relevant time period of Plaintiff's employment in the Peabody office, including disciplinary action, demotion, job reassignment and termination decisions.

**Topic 9: Timothy Barber: Allegations and Disciplinary Actions**

a. Any complaints, allegations, or investigations into Timothy Barber's conduct, including but not limited to:
b.
   i. Allegations that Timothy Barber exposed himself at a company dinner.

   ii. Allegations of sexual harassment or inappropriate behavior toward other employees, including allegations made by Carol Kijac.

c. Documentation related to any complaints or allegations against Timothy Barber, including but not limited to internal complaints, HR investigations, witness statements, or related disciplinary actions.

d. Communications between Expeditors' management, Human Resources, or legal representatives regarding complaints or allegations against Timothy Barber.

e. The basis, if any, for disciplinary actions taken or not taken against Timothy Barber in response to complaints or allegations, including whether Timothy Barber was terminated, placed on a Performance Improvement Plan (PIP), or otherwise disciplined.

f. Comparison of Expeditors' handling of complaints against Timothy Barber with its handling of complaints or allegations against Plaintiff Michael Carrabes, including whether similar alleged

Adam Clermont, Esq.
April 11, 2025
Page 10

conduct (e.g., swearing or unprofessional behavior) resulted in different disciplinary outcome

**Objection:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, in that it seeks testimony about individuals who never supervised Plaintiff, did not work in the same location as Plaintiff, did not work under the same managers and supervisors as Plaintiff and/or had no involvement in the events that led to Plaintiff's separation of employment from Expeditors and in that this Topic is not reasonably tailored to Plaintiff's allegations in this matter. Expeditors further objects to this Topic on the grounds that it exceeds the scope of permissible discovery in that it seeks to embarrass, harass and/or annoy Expeditors and its employees.

Expeditors further objects to this Topic on the grounds that it seeks information protected by the attorney/client privilege and work product doctrine. Expeditors also objects to this Topic to the extent it seeks confidential information concerning individuals who are not parties to this case, the disclosure of which could infringe upon the privacy interests of such individuals. Expeditors further objects to this Topic to the extent it would require the corporate representative to memorize statements which are contained in documents that speak for themselves.

Expeditors further objects to this Topic as vague and ambiguous because of its compound nature and the terms "conduct," "complaints or allegations," "disciplinary actions," "otherwise disciplined," "comparison," "handling of complaints," "similar alleged conduct," and "disciplinary outcome" do not describe the matter on which examination is requested with reasonable particularity.

**Topic 10: Blast Emails and Anonymous Account**

a.  Expeditors' knowledge of and investigation into the anonymous email accounts "**secure.report.500@proton.me**" and "EI.Return.Requested@proton.me".

b.  The content of the alleged "blast emails," including any references to the Carrabes lawsuit or related proceedings.

c.  Efforts to identify the individuals behind these email accounts, including forensic or cybersecurity analyses.

d.  Communications with third parties, including email providers, investigators, or law enforcement, regarding the blast emails.

e.  Any analysis or investigation into claims that the blast emails resemble Plaintiff's attorney's prior communications, including stylistic or substantive similarities.

**Objections:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or

10

Adam Clermont, Esq.
April 11, 2025
Page 11

Expeditors' defenses, in that it appears to be an improper attempt by Plaintiff's counsel to conduct discovery into matters involving Plaintiff's counsel and other outside counsel for Expeditors that have nothing to do with Plaintiff's employment and the substance of Plaintiff's claims or Expeditors' defenses.

Expeditors further objects to this Topic on the grounds that it exceeds the scope of permissible discovery in that it seeks to embarrass, harass and/or annoy Expeditors and/or individual employees thereof. Expeditors further objects to this Topic to the extent it would require the corporate representative to memorize statements which are contained in documents that speak for themselves.

Expeditors further objects to this Topic on the grounds that it is overbroad in temporal scope, unduly burdensome and harassing.

Expeditors further objects to this Topic on the grounds that it seeks information protected by the attorney/client privilege and work product doctrine.

Expeditors further objects to this Topic as vague and ambiguous because of its compound nature and the terms "knowledge of an investigation into," "related proceedings," "forensic or cybersecurity analyses," and "stylistic of substantive similarities" do not describe the matter on which examination is requested with reasonable particularity.

**Topic 11:  Unauthorized Recording and Distribution of Court Proceedings**

a.      Expeditors' basis for alleging that Plaintiff's attorney recorded the January 6, 2025 scheduling conference in violation of District of Massachusetts Local Rules.

b.      Evidence or witnesses supporting the claim that the recording was distributed, including alleged recipients.

**Objection:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, in that it appears to be an improper attempt by Plaintiff's counsel to conduct discovery into matters involving Plaintiff's counsel and other outside counsel for Expeditors that have nothing to do with Plaintiff's employment and the substance of Plaintiff's claims or Expeditors' defenses.

Expeditors further objects to this Topic on the grounds that it seeks information protected by the attorney/client privilege and work product doctrine.

**Topic 12:  Personnel Records and Documentation**

a.      Policies and procedures for maintaining personnel files in accordance with M.G.L. ch. 149, § 52C.

b.      Documentation practices regarding compensation, including bonus pool allocations and equity

Adam Clermont, Esq.
April 11, 2025
Page 12

       awards.

- c.      Procedures for documenting changes in position, compensation, or work location.

- d.      Policies regarding employee access to personnel files.

- e.      Retention and destruction policies for personnel records.

**Objections:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, in that it is not reasonably tailored to Plaintiff's allegations in this matter. Expeditors also objects that this "Topic" as phrased actually consists of several, unrelated categories of testimony and in fact constitutes different topics.

Expeditors further objects to this Topic on the grounds that it is overbroad in temporal and geographic scope, unduly burdensome and harassing. Expeditors further objects that this Topic is duplicative of written discovery already propounded and answered. Expeditors also objects to this Topic to the extent it seeks testimony that requires a legal conclusion or mental impression of counsel or other seeks information protected by the attorney-client privilege or work product doctrine.

Expeditors further objects to this Topic as vague and ambiguous because of its compound nature and the terms "documentation practices" and "equity awards" do not describe the matter on which examination is requested with reasonable particularity. Expeditors also objects to this Topic to the extent it assumes the truth of allegations in Plaintiff's operative complaint that Expeditors denies.

Consistent with the foregoing objections, Expeditors is willing to present a witness who can generally describe Expeditors' practices for maintaining personnel files, as well as changes in compensation, or work location, at Expeditors' Peabody, Mass. office during the relevant time period of Plaintiff's employment in the Peabody office.

**Topic 13: Bonus Pool Administration**

- a.      Structure and administration of branch and executive bonus pools.

- b.      Criteria and methodology for allocating bonus pool funds.

- c.      Impact of workforce reductions on bonus pool distributions.

- d.      Documentation of bonus pool allocation decisions.

- e.      Changes to bonus pool policies or practices from 2020 to present.

Adam Clermont, Esq.
April 11, 2025
Page 13

f.      Bonus pool compensation paid to Michael Carrabes during his employment.

**Objections:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, and in that it is not reasonably tailored to Plaintiff's allegations in this matter.

Expeditors further objects to this Topic on the grounds that it is overbroad in temporal and geographic scope, unduly burdensome and harassing. Expeditors further objects that this Topic is duplicative of written discovery already propounded and answered. Expeditors also objects to this Topic to the extent it would require the corporate representative to memorize figures, calculations or other data which are contained in documents that speak for themselves.

Expeditors further objects to this Topic as vague and ambiguous because of its compound nature and the terms "structure and administration," "criteria and methodology," "workforce reductions," "documentation," and "policies or practices," and "equity awards" do not describe the matter on which examination is requested with reasonable particularity. Expeditors also objects to this Topic to the extent it assumes the truth of allegations in Plaintiff's operative complaint that Expeditors denies.

Consistent with the foregoing objections, Expeditors is willing to present a witness who can generally describe (1) Expeditors' practices for allocating bonus pool compensation and (2) bonus pool compensation paid to Plaintiff and/or adjustments to Plaintiff's bonus pool allocation during the relevant time period of his employment at Expeditors' Peabody, Mass. office.

**Topic 14:  Investigation of Employee Complaints**

a.      Policies and procedures for investigating employee complaints about discrimination, retaliation, or Code violations.

b.      Role of Ethics & Compliance Officer in complaint investigations.

c.      Documentation practices for complaint investigations.

d.      Communications with complainants regarding investigation outcomes.

e.      Statistics on complaints received and investigation outcomes from 2020 to present.

**Objection:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, in that it seeks information about communications between Expeditors and any Expeditors employee who ever reported alleged discrimination, retaliation, or violations of the Code. Expeditors further objects to this Topic to the extent it would require the corporate representative to memorize statements which are contained in documents that speak for themselves.

Adam Clermont, Esq.
April 11, 2025
Page 14

Expeditors further objects to this Topic on the grounds that it is overbroad in temporal and geographic scope, unduly burdensome and harassing. Expeditors further objects that this Topic is duplicative of written discovery already propounded and answered.

Expeditors further objects to this Topic as vague and ambiguous because of its compound nature and the terms "Role of Ethics & Compliance Officer," "documentation practices," "investigation outcomes," and "statistics" do not describe the matter on which examination is requested with reasonable particularity. Expeditors also objects to this Topic to the extent it assumes the truth of allegations in Plaintiff's operative complaint that Expeditors denies.

Expeditors also objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

Consistent with the foregoing objections, Expeditors is willing to present a witness who can generally describe Expeditors' policies regarding the investigation of complaints of harassment, retaliation, discrimination or violations of the Code.

**Topic 15:  Conflicts of Interest**

a. Policies and procedures regarding conflicts of interest.

b. Management of conflicts in reporting relationships.

c. Documentation of conflict disclosures and mitigation measures.

d. Training on conflict identification and management.

e. Investigation of alleged conflicts of interest.

**Objection:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, in that this Topic appears to seek information about any alleged conflict of interest at Expeditors at any time, without any attempt to reasonably narrow the scope of this Topic to the substance of Plaintiff's complaint.

Expeditors further objects to this Topic on the grounds that it is overbroad in temporal and geographic scope, unduly burdensome and harassing. Expeditors further objects that this Topic is duplicative of written discovery already propounded and answered.

Expeditors further objects to this Topic as vague and ambiguous because of its compound nature and the terms "Role of Ethics & Compliance Officer," "documentation practices," "investigation outcomes," and "statistics" do not describe the matter on which examination is requested with reasonable particularity.

Adam Clermont, Esq.
April 11, 2025
Page 15

Expeditors also objects to this Topic to the extent it assumes the truth of allegations in Plaintiff's operative complaint that Expeditors denies.

Expeditors also objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

Consistent with the foregoing objections, Expeditors is willing to present a witness who can generally describe Expeditors' policies regarding conflicts of interest.

**Topic 16: Board of Directors Oversight**

a. Board communications regarding workforce reductions.

b. Board oversight of termination practices.

c. Board involvement in ethics investigations.

d. Board communications regarding the blast emails.

e. Documentation of Board decisions regarding employee terminations.

**Objection:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, in that the categories of testimony sought in this Topic have nothing to do with Plaintiff's performance of his job duties in the Peabody, Mass. office during the relevant time period of his employment with Expeditors and in that this Topic is not reasonably tailored to Plaintiff's allegations in this matter. Expeditors further objects to this Topic to the extent it would require the corporate representative to memorize statements which are contained in documents that speak for themselves.

Expeditors further objects to this Topic on the grounds that it is overbroad in temporal and geographic scope, unduly burdensome and harassing. Expeditors further objects that this Topic is duplicative of written discovery already propounded and answered.

Expeditors also objects to this Topic because it appears to be an improper attempt by Plaintiff's counsel to conduct discovery into matters involving Plaintiff's counsel and other outside counsel for Expeditors that have nothing to with Plaintiff's employment and the substance of Plaintiff's claims or Expeditors' defenses.

Expeditors further objects to this Topic as vague and ambiguous because of its compound nature and the terms "workforce reductions," "Board oversight," "termination practices," "Board involvement," "ethics investigations," and "documentation" do not describe the matter on which examination is requested with reasonable particularity. Expeditors also objects to this Topic to the extent it assumes the truth of allegations in Plaintiff's operative complaint that Expeditors denies.

Adam Clermont, Esq.
April 11, 2025
Page 16

Expeditors also objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

**Topic 17: Employee Specific Allegations**

**A.     Evan Cunningham**

The reasons for Mr. Cunningham's purported termination or coerced resignation.

Communications and documentation related to Mr. Cunningham's performance and resignation, including the reference letter provided by Ms. Wang Ping Yap.

Whether Mr. Cunningham was pressured to resign as part of the workforce reduction scheme.

**B.     Hiroyuki Takemura**

The use of PIPs in Mr. Takemura's case, including the drafting, presentation, and alleged falsification of performance metrics.

Communications and documentation related to Mr. Takemura's performance evaluations, termination and severance agreement.

Whether Mr. Takemura's termination was part of the workforce reduction scheme.

**C.     David Keane**

The allegations of misconduct against Mr. Keane and the investigation process.

Communications and documentation related to Mr. Keane's performance evaluations, termination, including his so-called disciplinary proceedings, the decision to summarily dismiss him and the separation agreement presented to him.

Whether Mr. Keane's termination was part of the workforce reduction scheme.

**D.     Chris Moore**

The reasons for Mr. Moore's potential placement on a PIP and subsequent termination.

Communications and documentation related to Mr. Moore's performance evaluations and termination.

Whether Mr. Moore's termination was part of the workforce reduction scheme.

Adam Clermont, Esq.
April 11, 2025
Page 17

**E.     Lewis Benjamin Magnes**

The reasons for Mr. Magnes' termination, including the alleged unlocked warehouse incident.

Communications and documentation related to the decision to terminate Mr. Magnes.
Whether Mr. Magnes was targeted as part of the workforce reduction scheme.

**F.     Hal Hutcheson**

The allegations of theft against Mr. Hutcheson, including any internal investigations conducted by Expeditors.

Documentation and communications related to Mr. Hutcheson's termination, including any criminal charges or legal actions.

Whether Mr. Hutcheson was targeted as part of the workforce reduction scheme or for other reasons.

**G.     Michael Carrabes**

The reasons for Mr. Carrabes' termination.

Communications and documentation related to the decision to terminate Mr. Carrabes.
Whether Mr. Carrabes was targeted as part of the workforce reduction scheme.

**Objection:** Expeditors objects to this Topic on the grounds that it is not proportional to the needs of the case because it is overbroad and encompasses matters that are not relevant to Plaintiff's claims or Expeditors' defenses, in that the categories of testimony sought in this Topic seek testimony regarding individuals who have no relevance to Plaintiff's employment with Expeditors. Expeditors objects to this Topic to the extent Plaintiff seeks to use this Topic to conduct discovery as to other, unrelated claims and/or potential claims against Expeditors by individuals other than Plaintiff, or claims by Expeditors against other individuals, who are not parties to this matter.

Expeditors further objects to this Topic on the grounds that it is overbroad in geographic scope, unduly burdensome and harassing. Expeditors further objects that this Topic is duplicative of written discovery already propounded and answered.

Expeditors also objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Expeditors further objects to this Topic to the extent it assumes the truth of allegations in Plaintiff's operative complaint and/or written discovery that Expeditors denies.

Adam Clermont, Esq.
April 11, 2025
Page 18

Consistent with the foregoing objections, Expeditors is willing to present a witness who can generally describe Plaintiff's performance of his job duties during the relevant time period, the events leading up to Plaintiff's separation of employment from Expeditors and the reason(s) for Plaintiff's separation of employment from Expeditors.

***

Please let me know if this is acceptable and, if not, please provide dates and times when you are available to confer. Expeditors remains willing to work with you in a good faith attempt to resolve, or at least narrow, the scope of any disputes regarding the Notice.

Sincerely,

*Matthew J. Lynch*

Matthew J. Lynch

4919-1901-5472.1 / 086897.1185