# EXHIBIT 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CARRABES,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,<br><br>        Defendant. | Civil Action No. 1:24-cv-12142-AK |

**DEFENDANT EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.'S
FIRST REQUEST FOR ADMISSIONS OF FACT TO
PLAINTIFF MICHAEL CARRABES**

Defendant Expeditors International of Washington, Inc. ("Expeditors" or "Defendant"), by and through its attorneys, pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests that plaintiff Michael Carrabes ("Plaintiff") answer separately and fully, in writing and under oath, the numbered Requests for Admission set forth below and serve the answers upon the undersigned counsel for Expeditors within thirty (30) days from the date of service hereof.

**INSTRUCTIONS**

These Requests for Admission are directed to Plaintiff and the answers are to be completed to the best of his knowledge and based on the best knowledge of his counsel, agents, servants, investigators, employees, representatives and any other person acting or purporting to act on his behalf.

Each Request for Admission shall be answered separately and fully in writing, under oath, unless it is objected to, in which event Plaintiff shall specifically state the grounds for the objection, including, but not limited to, any privilege or other immunity upon which the objection is based, and shall answer to the extent the Request for Admission is not objectionable.

If Plaintiff objects to fully identifying a communication because of a privilege, he must nevertheless provide the following information:

(a) the nature of the privilege claimed (including work product);

(b) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(c) the date of the oral communication;

(d) the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(e) the general subject matter of the oral communication.

Each matter will be deemed admitted unless, within thirty (30) days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a response that complies with the requirements of Federal Rule of Civil Procedure 36.

Each of the following Requests for Admission is to be regarded as continuing to the extent permitted under the Federal Rules of Civil Procedure. If, subsequent to serving an answer to any Request for Admission and prior to the trial of this action, Plaintiff obtains or becomes aware of additional information pertaining to that Request for Admission, Plaintiff shall serve a supplemental answer that complies with the requirements of Federal Rule of Civil Procedure 36 setting forth such information within forty-five (45) days of acquiring said information.

## **DEFINITIONS**

1. "Plaintiff," "Plaintiff," "you" or "your" shall refer to Plaintiff Michael Carrabes, and all of his agents, current and former attorneys, representatives, and other persons or entities acting or purporting to act on his behalf.

- 3 -

2. The term "Complaint" refers to Plaintiff's Complaint, dated August 21, 2024, which was filed by Plaintiff in the United States District Court for the District of Massachusetts, C.A. No. 1:24-cv-12142-AK (ECF No. 1).

3. The term "Proposed Amended Complaint" refers to Plaintiff's proposed First Amended Complaint and Demand For Jury Trial, which was filed by Plaintiff in the United States District Court for the District of Massachusetts, C.A. No. 1:24-cv-12142-AK (ECF No. 28-1), on January 21, 2025.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**

Plaintiff created the Proton e-mail account secure.report.500@proton.com.

**REQUEST NO. 2**

Plaintiff did not create the Proton e-mail account secure.report.500@proton.com.

**REQUEST NO. 3**

Plaintiff knows who created the Proton e-mail account secure.report.500@proton.com.

**REQUEST NO. 4**

Plaintiff does not know who created the Proton e-mail account secure.report.500@proton.com.

**REQUEST NO. 5**

Plaintiff has sent e-mails from the e-mail account secure.report.500@proton.com.

**REQUEST NO. 6**

Plaintiff has never sent an e-mail from the e-mail account secure.report.500@proton.com.

**REQUEST NO. 7**

Plaintiff has a Proton e-mail account.

**REQUEST NO. 8**

Plaintiff does not have a Proton e-mail account.

**REQUEST NO. 9**

Plaintiff had a Proton e-mail account during December 2024.

**REQUEST NO. 10**

Plaintiff did not have a Proton e-mail account during December 2024.

**REQUEST NO. 11**

Plaintiff had a Proton e-mail account during January 2025.

**REQUEST NO. 12**

Plaintiff did not have a Proton e-mail account during January 2025.

**REQUEST NO. 13**

Plaintiff knows the identity of at least one individual who has sent e-mails from the e-mail account secure.report.500@proton.com.

**REQUEST NO. 14**

Plaintiff does not know the identity of any individual who has sent e-mails from the e-mail account secure.report.500@proton.com.

**REQUEST NO. 15**

Plaintiff has received e-mails from the e-mail account secure.report.500@proton.com.

**REQUEST NO. 16**

Plaintiff has not received e-mails from the e-mail account secure.report.500@proton.com.

**REQUEST NO. 17**

Plaintiff has discussed e-mails sent from the e-mail account secure.report.500@proton.com with Hal Hutcheson.

**REQUEST NO. 18**

Plaintiff has not discussed e-mails sent from the e-mail account secure.report.500@proton.com with Hal Hutcheson.

**REQUEST NO. 19**

Plaintiff has communicated with Hal Hutcheson regarding the allegations in Plaintiff's Complaint.

**REQUEST NO. 20**

Plaintiff has not communicated with Hal Hutcheson regarding the allegations in Plaintiff's Complaint.

**REQUEST NO. 21**

Plaintiff has communicated with Hal Hutcheson regarding the allegations in Plaintiff's Proposed Amended Complaint.

**REQUEST NO. 22**

Plaintiff has not communicated with Hal Hutcheson regarding the allegations in Plaintiff's Proposed Amended Complaint.

Respectfully submitted,

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.

By Its Attorneys,

*/s/ Asha A. Santos*

Asha A. Santos, Bar No. 670861
asantos@littler.com
Matthew J. Lynch, Bar No. 689363
mlynch@littler.com

LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA  02110
Telephone:    617.378.6000
Facsimile:     617.737.0052

Dated: March 10, 2025

- 5 -

<u>C</u>

## **<u>CERTIFICATE OF SERVICE</u>**

I, Asha A. Santos, hereby certify that on this 10th day of March 2025, the foregoing was sent electronically to all registered participants identified on the Notice of Electronic Filing.

>Adam P. Clermont, Esq.
>6 Liberty Square
>PMB 226
>Boston, MA 02109
>Email: aclermont@attorneyapc.com
>
>Jeremia A. Pollard
>Hannon Lerner
>184 Main Street
>Lee, MA 0123u
>Email: jeremiapollard@yahoo.com

>*/s/ Asha A. Santos*
>Asha A. Santos