UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL CARRABES,

        Plaintiff,

v.

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,

        Defendant.

Civil Action No. 1:24-cv-12142-AK

## **DEFENDANT EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**

Plaintiff Michael Carrabes' ("Plaintiff") so-called motion to modify the scheduling order (Doc No. 57) in the above-captioned matter should be denied because it is premature and wholly improper. Discovery in this matter does not close until September 2, 2025. As a result, there is sufficient time for Plaintiff and defendant Expeditors International of Washington, Inc. ("Expeditors") to narrow any discovery disputes, whether by agreement or by proper motion practice, so that the parties and this Court can reasonably determine whether or to what extent any modifications to the scheduling order are actually necessary. For this reason alone, Plaintiff has not shown good cause to modify the scheduling order, and his motion should be denied.

Plaintiff's substantive failure to establish good cause is compounded by the utterly frivolous nature of his motion—a premature and improper motion to compel masquerading as a motion to modify a scheduling order.[1] Specifically, Plaintiff filed the instant motion, in which he presents this Court with a 15-page jeremiad regarding Expeditors' discovery responses, before the parties even conferred to determine if they could resolve any discovery disputes *without* requiring

---

[1] To be clear, Expeditors emphatically denies Plaintiff's characterizations of its discovery responses and denies Plaintiff's accusations or implications of bad faith. Expeditors reserves the right to address Plaintiff's assertions substantively, in response to an appropriate motion.

intervention of this Court. Plaintiff's motion plainly violates the letter and spirit of the applicable rules and burdens Expeditors—and this Court—with unnecessary motion practice.

Plaintiff should not be rewarded for his transparent gamesmanship in which he repeatedly attempts to distort routine scheduling matters into wide-ranging, unfounded attacks against Expeditors.[2] Accordingly, and for the reasons set forth herein, Plaintiff's motion should be denied.

## I. FACTUAL BACKGROUND

### A. Plaintiff's Claims

Plaintiff asserts claims of discrimination under Title VII on the basis of sex (male); breach of contract; breach of oral contract; wrongful termination; and violation of G.L. c. 149, § 52C arising out of his former employment with Expeditors.[3] (Doc No. 1, Pl.'s Compl.). Expeditors denies these allegations. (Doc No. 14, Def.'s Ans.)

### B. The Parties' Discovery to Date

On March 5, 2025, the Court issued the current scheduling order (the "Scheduling Order"), setting a May 12, 2025 deadline for the parties to serve written discovery and a September 2, 2025 deadline for the parties to complete fact discovery. (Doc No. 52.) In March 2025, each party served interrogatories and document requests. Expeditors served its interrogatory answers and document responses on April 11, 2025, and Plaintiff served his answers and responses on April 13, 2025. (Aff. Sebastian P. Clarkin ("Clarkin Aff.") ¶¶ 4, 6.)

On April 11, 2025, Plaintiff informed Expeditors that Plaintiff considered certain of Expeditors' responses and objections to be deficient. (*Id.* ¶ 5.) On April 17, 2025—less than one

---

[2] This is not the first time Plaintiff has tried to weaponize routine scheduling matters. (Doc. No. 18, pp. 6-8; Doc No. 21.) This Court denied Plaintiff's prior attempts to benefit from this conduct (Doc. No. 22), and Plaintiff's instant motion should meet the same fate.
[3] Plaintiff has also moved for leave to file an amended complaint (Doc. No. 14), which Expeditors has opposed (Doc. No. 48). Plaintiff's motion remains pending before this Court.

2

week after Plaintiff received Expeditors' discovery responses and before the parties had conferred to determine whether any discovery disputes could be resolved without motion practice—Plaintiff's counsel asked whether Expeditors would agree to a 60-day extension of the current scheduling order. (*Id.* ¶ 7, Ex. A.) Plaintiff's lengthy email, like Plaintiff's instant motion, recited various alleged discovery deficiencies asserted by Plaintiff as justification for the 60-day extension request. (*Id.* ¶ 8.)

Expeditors responded that same day and disputed Plaintiff's characterizations of Expeditors' conduct in discovery. (*Id.* ¶ 9.) However, in a good-faith attempt to avoid unnecessary motion practice over something as straightforward as a two-month extension of scheduling order deadlines, Expeditors agreed to Plaintiff's requested extension. (*Id.* ¶ 10.) Plaintiff then provided a draft of his instant motion and asked if Expeditors would join the motion, a request that was plainly absurd given that Plaintiff's motion is nothing more than an unfounded, 15-page broadside against Expeditors. (*Id.* ¶ 11.) In yet another attempt to avoid unnecessary motion practice, Expeditors provided Plaintiff with a draft, two-page joint motion in which the parties would update this Court as to the status of discovery, note that they are conferring to resolve discovery disputes without court intervention, and request a brief extension of scheduling order deadlines—the kind of joint motion commonly filed in this jurisdiction. (*Id.* ¶ 12.) Expeditors also noted that Plaintiff was clearly trying to circumvent Rule 7.1 by "filing a motion containing numerous disputed issues before the parties can meet and confer to discuss the possible resolution of those issues in good faith." (*Id.* ¶ 13.) Given that Plaintiff's request to extend discovery deadlines seemed inextricably linked to the parties' discovery disputes, Expeditors further offered to discuss appropriate deadlines after the parties had the opportunity to meet-and-confer on those disputes. (*Id.* ¶ 14.) Plaintiff rejected Expeditors' proposal and responded with a motion that still improperly set forth

4858-0809-6069.1 / 063608-1019
4936-0339-9231.2 / 086897.1185
5/8/2025 5:45 PM

argument concerning Expeditors' conduct during discovery. (*Id.* ¶ 15.) Plaintiff stated, "Either agree to [the motion] as written by [Good Friday, April 18], or I'll file my own motion." (*Id.* ¶ 16.)

Although the parties had agreed to confer on May 5, 2025 regarding Plaintiff's stated objections to Expeditors' responses, Plaintiff nevertheless filed the instant motion on April 24, 2025. (Doc. No. 57.) When the parties then conferred on May 5, 2025, the parties agreed that many of their disputes regarding specific answers and responses could likely be resolved by asking this Court to schedule an informal conference to resolve a fundamental dispute related to the geographic and temporal scope contained in Plaintiff's requests.[4] (*Id.* ¶¶ 17-18.) Notably, despite Plaintiff's numerous accusations of bad faith and discovery misconduct in his voluminous pleadings and e-mails, Plaintiff acknowledged during this meet-and-confer that he understood Expeditors' position and that Expeditors made a "good argument." (*Id.* ¶ 19.)

In short, while good faith disputes between the parties exist, the parties have been, and are, engaging in the discovery process in a normal fashion, well within the timeframe set forth by the Scheduling Order. However, Plaintiff has inexplicably sought to create disputes where there are none by converting an agreed-upon request for a brief extension of scheduling order deadlines into a protracted, premature discovery dispute. As such, Expeditors now opposes Plaintiff's motion to modify the scheduling order and asks that this Court deny Plaintiff's motion.

---

[4] After the deposition of Brian Carrabes on May 6, 2025, counsel conferred in person and agreed to refrain from pursuing any discovery-related matters, including the request for a conference with this Court, until after Plaintiff provided a settlement demand within the next week or so. To be clear, Expeditors disputes all of Plaintiff's characterizations concerning the alleged perfidy of Expeditors' conduct during discovery and maintains that Expeditors' responses and objections are made in good faith. However, Expeditors reserves its right to fully respond, if necessary, until, if, and when Plaintiff files a proper motion compel.

4858-0809-6069.1 / 063608-1019
4936-0339-9231.2 / 086897.1185
5/8/2025 5:45 PM

## II. LEGAL STANDARD

The Court has "broad discretion" to allow motions to extend deadlines. *Macaulay v. Anas*, 321 F.3d 45, 49 (1st Cir. 2003). Rule 26(b) grants the Court authority to extend deadlines set by its order upon a showing of "good cause." FRCP 26(b). "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Local Rule 7.1(a)(2). This is especially true of discovery motions. *See* Local Rule 37.1(a) ("Before filing any discovery motion…counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent.").

## III. ARGUMENT

Plaintiff cannot establish good cause to modify this Court's scheduling order, which is in and of itself sufficient grounds to deny Plaintiff's motion. *See, e.g.*, *Maroney as Tr. Of Premiere Realty Tr. v. Fiorentini*, 673 F. Supp. 3d 62, 68 (D. Mass. 2023) (denying plaintiff's motion to modify scheduling order for lack of good cause shown). As noted above, there is ample time for the parties to resolve any discovery disputes and, after such disputes are resolved, determine whether any modifications are required. Given that the current, initial discovery deadline is approximately four months off, this is not a situation where there is risk of prejudice to any party if the parties wait until they have a fuller, more complete understanding of the scope of discovery and what discovery actually remains to be completed before determining if the scheduling order needs to be modified. *Cf. O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004). Additionally, as this Court is aware, this Court's ruling on Plaintiff's motion to amend to add new claims and/or parties may impact the scope of discovery. Put simply, there is currently no cause—let alone good cause—to modify the scheduling order now, four months before the close of discovery and before this Court has ruled on Plaintiff's motion. *See id.*

Moreover, Plaintiff's motion should be denied because it is nothing more than a

5

transparent, impermissible attempt to circumvent his obligations under the local rules, all so that Plaintiff can levy unnecessary and unfounded accusations against Expeditors. *See* Local Rule 7.1(a)(2), 37.1(a). As noted, Plaintiff filed a motion disputing the substance of Expeditors' discovery responses and objections (Plaintiff even attaches discovery requests to his motion) before the parties held a meet-and-confer on the agreed-upon date of May 5, 2025, to determine whether they could resolve any of these disputes *without* motion practice.[5] The Court should disregard Plaintiff's arguments concerning Expeditors' alleged discovery deficiencies, which are appropriate only in the context of a motion to compel filed in compliance with the federal and local rules and after the parties have conferred in good faith to narrow any issues presented to this Court.

Accordingly, Plaintiff's motion should be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion.

---

[5] To the extent the Court wishes to consider Plaintiff's instant motion a motion to compel despite Plaintiff's insistence otherwise, Plaintiff's motion should be denied for violating Local Rule 37.1(a), due to having been filed prior to the parties' meet-and-confer conference on May 5.

6

Respectfully submitted,

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.

By its attorneys,

*/s/ Matthew J. Lynch*
Asha A. Santos (No. 670861)
asantos@littler.com
Matthew J. Lynch (No. 689363)
mlynch@littler.com
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
Phone: (617) 378-6000
Fax: (617) 737-0052

**CERTIFICATE OF SERVICE**

I, Matthew J. Lynch, hereby certify that on this 8th day of May, 2025, the foregoing document was filed electronically through the ECF system, is available for viewing, and downloading from the ECF system and will be sent electronically to all counsel of record as registered participants identified on the Notice of Electronic Filing.

*/s/ Matthew J. Lynch*
Matthew J. Lynch

4858-0809-6069.1 / 063608-1019
4936-0339-9231.2 / 086897.1185
5/8/2025 5:45 PM