UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CARRABES,<br><br>    Plaintiff,<br><br>v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,<br><br>    Defendant. | Civil Action No. 1:24-cv-12142-AK |

## AFFIDAVIT OF SEBASTIAN P. CLARKIN

I, Sebastian P. Clarkin, hereby depose and state as follows:

1. I am over the age of twenty-one and give this affidavit of my own free will.

2. I make the statements contained in this Affidavit based on my personal knowledge. I am competent to testify as to all facts stated herein.

3. I am an attorney with Littler Mendelson, P.C., One International Place, Suite 2700, Boston, MA 02110. I represent Defendant Expeditors International of Washington, Inc. ("Expeditors") in this litigation, together with attorneys Asha A. Santos and Matthew J. Lynch of Littler Mendelson, P.C. I make this Affidavit in support of Expeditors' Opposition to Plaintiff Michael Carrabes' ("Plaintiff") Motion to Modify the Scheduling Order.

4. On April 11, 2025, Expeditors served its answers to Plaintiff's interrogatories and responses to Plaintiff's document requests.

5. On April 11, 2025, Plaintiff informed Expeditors that Plaintiff considered certain of Defendant's responses and objections to be deficient.

6. On April 13, 2025, Plaintiff served his answers to Expeditors' interrogatories and responses to Expeditors' document requests

7. On April 17, 2025—less than one week after Plaintiff received Expeditors' discovery responses and before the parties had conferred to determine whether any discovery disputes could be resolved without motion practice—Plaintiff asked whether Expeditors would agree to a 60-day extension of the current scheduling order. *See* Email Correspondence, annexed hereto as **Exhibit A**.

8. Plaintiff recited various alleged discovery deficiencies as justification for the 60-day extension request. *Id*.

9. I responded that same day and disputed Plaintiff's characterizations of Expeditors' conduct in discovery. *Id*.

10. However, in a good-faith attempt to avoid unnecessary motion practice over something as straightforward as a two-month extension of scheduling order deadlines, Expeditors agreed to Plaintiff's requested extension. *Id*.

11. Plaintiff then provided a draft of his instant motion and asked if Expeditors would join the motion. *Id*.

12. I informed Plaintiff that Expeditors would not join in Plaintiff's motion as drafted and provided Plaintiff with a draft, joint motion in which the parties would update this Court as to the status of discovery, note that they are conferring to resolve discovery disputes without court intervention, and request a brief extension of scheduling order deadlines. *Id*.

13. I also noted that Plaintiff was clearly trying to circumvent Rule 7.1 by filing a motion containing numerous disputed issues before the parties can meet and confer to discuss the possible resolution of those issues in good faith. *Id*.

14. I further offered to discuss appropriate deadlines with Plaintiff after the parties had the opportunity to meet-and-confer regarding any discovery disputes. *Id*.

2

15. Plaintiff rejected this proposal and responded with a motion that still improperly set forth argument concerning Defendant's conduct during discovery. *Id*.

16. Plaintiff stated, "Either agree to [the motion] as written by [Good Friday, April 18], or I'll file my own motion." *Id*.

17. On May 5, 2025, I and Attorney Lynch conferred with attorney Adam Clermont, counsel for Plaintiff, regarding Plaintiff's stated objections to Expeditors' discovery responses.

18. During this conference, the parties agreed that many of their disputes regarding specific answers and responses could likely be resolved by asking this Court to schedule an informal conference to resolve a fundamental dispute related to the geographic and temporal scope contained in Plaintiff's requests.

19. During this May 5, 2025 conference, Attorney Clermont acknowledged that he understood Expeditors' position regarding its objections to the temporal and geographic scope of Plaintiff's requests and that Expeditors made a "good argument."

Signed under the penalties of perjury this 8th day of May 2025.

*/s/ Sebastian P. Clarkin*
Sebastian P. Clarkin

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of May 2025, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

                                                       */s/ Sebastian P. Clarkin*
                                                       Sebastian P. Clarkin

4923-9432-9409.1 / 086897.1185
5/8/2025 5:25 PM