| | |
|---|---|
| **From:** | Adam Clermont |
| **To:** | Clarkin, Sebastian; Lynch, Matt; Santos, Asha |
| **Cc:** | Jeremia Pollard |
| **Subject:** | Re: Request for Rule 7.1 Conference: Motion to Extend Discovery Deadlines |
| **Date:** | Thursday, April 17, 2025 10:07:18 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | Edits - UTF-82025.04.xx Expeditors-Carrabes - Joint Motion to Extend Scheduling Order Deadlines 4934-5486-1367_1.docx |

Attorney Clarkin,

Thank you for your email. I find it concerning that you continue to refer to a meet and confer, yet you have not proposed any specific date or time for this discussion. While you suggest that filing my motion would be premature because we have "agreed to meet and confer," no such meeting has been scheduled despite my multiple attempts to engage constructively.

Regarding the meet and confer, I should note that I will be in Boston on May 5th for the Keane appeal oral arguments against Expeditors. I propose we meet immediately following that hearing. If this doesn't work for you, provide alternative dates immediately. Your vague references to a future conference without specifics read as another delay tactic.

Ms. Peveri's deposition situation exemplifies your client's approach to discovery. You've unilaterally declared she won't appear despite being properly subpoenaed, citing only vague "unavailability" with no explanation or documentation. You haven't sought a protective order as required by the Federal Rules. This pattern of obstruction, refusing to produce key documents like Musser's January 24th email referenced in the Complaint, providing non-responsive answers, and asserting improper objections, cannot continue unchallenged.

As for your concern about "alienating" the court, I believe Judge Kelley may be more concerned with your client's flagrant disregard for Rules 33 and 34. The Court has an interest in the orderly progression of discovery, which your client's tactics have repeatedly obstructed. If you're worried about the Court's reaction, perhaps consider your client's compliance with well-established discovery obligations.

I've satisfied the Rule 7.1 conference requirement and will note your response in my motion should I file it. There's no genuine dispute that discovery extensions are needed. The only issue is your apparent unwillingness to allow the Court to see an accurate representation of why these extensions are necessary in the first place.

The attached joint motion accurately reflects the current situation. Either agree to it as written by Friday, or I'll file my own motion.

Adam

---

**From:** Clarkin, Sebastian <SClarkin@littler.com>
**Sent:** Friday, April 18, 2025 5:58 AM
**To:** Adam Clermont <aclermont@attorneyapc.com>; Lynch, Matt <MLynch@littler.com>; Santos, Asha <ASantos@littler.com>
**Cc:** Jeremia Pollard <jeremiapollard@yahoo.com>
**Subject:** RE: Request for Rule 7.1 Conference: Motion to Extend Discovery Deadlines

Counsel,

Thank you for forwarding this draft. However, even putting aside Expeditors' objections to its contents, submitting a 15-page memorandum detailing Plaintiff's various issues with Expeditors' conduct during fact discovery four months before the current fact discovery deadline likely runs the risk of alienating the court to our otherwise straightforward and common request. I've attached a draft joint motion for your review which follows a format that we have found is typically granted by the court. Given that this is a first request, it would likely be granted here, particularly where it is a joint request of the parties. Let me know if this draft is acceptable to Plaintiff.

For obvious reasons, the draft you forwarded would be better styled as a motion to compel, which (as we are discussing under separate cover regarding the parties' discovery disputes) would be premature and unnecessary given the parties' agreement to meet and confer on these matters prior to Plaintiff's noticed depositions. Plaintiff runs the risk of attempting to circumvent Rule 7.1 by filing a motion containing numerous disputed issues before the parties can meet and confer to discuss the possible resolution of those issues in good faith.

If Plaintiff is unwilling to jointly submit a standard motion similar to the draft I have attached, then it would make sense to discuss discovery deadlines during an upcoming meet-and-confer, as discussed separately.

Sebastian

**Sebastian Clarkin**
Attorney at Law
617.378.6016 direct, 857.443.5097 mobile
SClarkin@littler.com

Pronouns: He/Him



Labor & Employment Law Solutions | Local Everywhere
1 International Pl, Suite 2700, Boston, MA 02110

**From:** Adam Clermont <aclermont@attorneyapc.com>
**Sent:** Thursday, April 17, 2025 12:01 PM
**To:** Clarkin, Sebastian <SClarkin@littler.com>; Lynch, Matt <MLynch@littler.com>; Santos, Asha <ASantos@littler.com>
**Cc:** Jeremia Pollard <jeremiapollard@yahoo.com>
**Subject:** Re: Request for Rule 7.1 Conference: Motion to Extend Discovery Deadlines

Attorney Clarkin,

While I appreciate Expeditors' willingness to join a motion to extend discovery deadlines, I must emphasize that any such request requires an affidavit and demonstration of good cause. The motion would necessarily need to articulate the specific reasons warranting an extension, which in this case involves documenting Defendant's systematic obstruction of the discovery process.

I've attached a draft motion and memorandum that details the extensive discovery issues we've encountered. As you'll see, it thoroughly documents the pattern of improper boilerplate objections, wholesale refusal to produce central documents (including Mr. Musser's January 24, 2023 email), contradictory positions, and evasive responses that have rendered meaningful discovery impossible within the current timeframe. Please note that this draft is subject to change and will require additional citations and refinement. I would be pleased to alter the motion to be a joint motion if Expeditors desires. It can also state that it disagrees with the allegations in my memorandum of law and affidavit.

I believe it is also important to lay the foundation for what surely will be more questionable conduct by the Defendant. The current pattern of discovery obstruction appears calculated to conceal evidence of the workforce reduction program that your client publicly acknowledged in its annual reports but now mysteriously denies in discovery responses. This record-building is essential not only for the current extension request but for anticipated motion practice.

Rather than proceeding indirectly, I believe we should address the core issue directly: Will Expeditors provide information about Mr. Musser's headcount reduction directive or not? Simply disclosing how many PIPs were issued to employees in 2022 versus 2023, and how many 2023 PIPs resulted in termination, would immediately clarify whether there was in fact the systematic workforce reduction that your client's own annual reports confirm occurred.

If at any time Expeditors wishes to change course and engage in more cooperative discovery practices, I remain open to constructive dialogue that advances this litigation efficiently and in accordance with the rules. If someone would like to discuss the myriad of issues in this case and perhaps set the groundwork for a more cooperative approach, while maintaining your client's right to deny the allegations and have a trial should it desire, I think all parties would be better served.

I look forward to your substantive response on these critical matters.

Adam

**From:** Clarkin, Sebastian <SClarkin@littler.com>
**Sent:** Thursday, April 17, 2025 10:56 PM
**To:** Adam Clermont <aclermont@attorneyapc.com>; Lynch, Matt <MLynch@littler.com>; Santos, Asha <ASantos@littler.com>
**Cc:** Jeremia Pollard <jeremiapollard@yahoo.com>
**Subject:** RE: Request for Rule 7.1 Conference: Motion to Extend Discovery Deadlines

Counsel,

Expeditors objects to certain characterizations Plaintiff has made below concerning the discovery disputes between the parties. As you indicate, those disputes are being discussed in separate correspondence. That being said, Expeditors will join Plaintiff in filing a joint motion extending all discovery deadlines by 60 days, as described below.

Please feel free to send us a draft motion at your convenience.

Sebastian

**Sebastian Clarkin**
Attorney at Law
617.378.6016 direct, 857.443.5097 mobile
SClarkin@littler.com

Pronouns: He/Him



Labor & Employment Law Solutions | Local Everywhere
1 International Pl, Suite 2700, Boston, MA 02110

**From:** Adam Clermont <aclermont@attorneyapc.com>

**Sent:** Thursday, April 17, 2025 2:12 AM
**To:** Clarkin, Sebastian <SClarkin@littler.com>; Lynch, Matt <MLynch@littler.com>; Santos, Asha <ASantos@littler.com>
**Cc:** Jeremia Pollard <jeremiapollard@yahoo.com>
**Subject:** Request for Rule 7.1 Conference: Motion to Extend Discovery Deadlines

Dear Attorney Clarkin,

I am writing to request a Local Rule 7.1 conference regarding Plaintiff's intention to file a motion to extend the discovery deadlines established in the Court's March 5, 2025 Scheduling Order. This email shall constitute my participation in the required conference under Rule 7.1, and I ask that you respond to satisfy your obligation under the same rule.

After careful review of Defendant's April 11, 2025 discovery responses, we believe an extension is necessary due to several significant deficiencies:

- Defendant has refused to provide substantive responses to the vast majority of our interrogatories
- Defendant has declined to produce documents responsive to most of our document requests
- Despite numerous privilege-based objections, Defendant has not provided the required privilege log
- Critical information about similarly situated employees has been withheld
- Documents concerning Defendant's alleged workforce reduction program and related policies have been refused
- Information regarding Plaintiff's benefits, including details about Defendant's equity compensation programs essential for calculating damages, has not been provided

These written discovery issues have been further compounded by deposition scheduling problems. After I made travel arrangements for a previously agreed-upon deposition of a key witness, Defendant canceled it and has yet to confirm it will go forward on April 28. We've also encountered ongoing difficulties in scheduling the Rule 30(b)(6) deposition.

Collectively, these issues demonstrate that substantial additional time will be needed to address the discovery disputes, and complete meaningful discovery. We therefore plan to seek a sixty-day extension of all discovery deadlines as follows:

- Written discovery requests deadline: from May 12, 2025 to July 12, 2025
- Fact discovery deadline: from September 2, 2025 to November 3, 2025
- Plaintiff's expert disclosure deadline: from October 6, 2025 to December 5, 2025

- Defendant's expert disclosure deadline: from November 6, 2025 to January 6, 2026
- Expert discovery deadline: from December 17, 2025 to February 17, 2026

Please advise whether Defendant would be willing to file a joint motion for extension, assent to Plaintiff's motion, or not oppose Plaintiff's motion. This is a straightforward matter that requires a simple "yes" or "no" response, so there is no need for extended debate or multiple exchanges on this topic.

I am available today and tomorrow for this Rule 7.1 conference if you prefer to speak by telephone. As you may know, Attorney Lynch and I have previously conducted such conferences efficiently via email, and I would have no objection to your stating Defendant's position on the motion in your reply to this message. If you prefer to hold a Rule 7.1 conference by telephone instead, I am available today and tomorrow for such a call.

Given the straightforward nature of this request and the good cause shown, I hope we can resolve this matter cooperatively.

Thank you for your prompt attention to this matter. I look forward to your response.

Adam

------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.