UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CARRABES,<br><br>            Plaintiff,<br><br>    v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,<br><br>            Defendant. | Civil Action No. 1:24-cv-12142-AK |

## **DEFENDANT'S OBJECTION PURSUANT TO FED. R. CIV. P. 72(b) TO REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND**

Defendant Expeditors International of Washington, Inc. ("Expeditors") and non-parties Tracy Peveri ("Peveri") and Brian Carrabes[1] respectfully object to Magistrate Judge M. Page Kelley's Report and Recommendation ("Recommendation") (Doc No. 72) on plaintiff Michael Carrabes's ("Plaintiff") Motion to Amend (Doc No. 28) on the limited grounds that Plaintiff's proposed factual allegations are not sufficient to state claims for intentional interference with advantageous relations against Peveri and Brian Carrabes (Count X of the proposed Amended Complaint). (Doc No. 72, pp. 26-30.) As Magistrate Judge Kelley notes in her Recommendation, it is "a very close question" as to whether Plaintiff alleges sufficient facts to find that Peveri or Brian Carrabes acted with actual malice, as required for Plaintiff to sufficiently plead an intentional interference claim against either of them in their individual capacity. In fact, the precedent cited by Magistrate Judge Kelley demonstrates that Plaintiff does not allege that Peveri or Brian Carrabes engaged in the kind of conduct required to meet the high threshold of actual malice. As

---

[1] Peveri and Brian Carrabes are represented by undersigned counsel for Expeditors. Peveri and Brian Carrabes are Expeditors employees, and Plaintiff seeks leave to amend his complaint to assert claims against them in their individual capacity.

such, this Court should not adopt the Recommendation as to Plaintiff's proposed intentional interference with advantageous relations claim and should deny Plaintiff's motion to amend in all respects.[2]

I. **LEGAL STANDARD**

When a magistrate judge issues proposed findings and recommendations for a dispositive pretrial matter, a party may file specific written recommendations within 14 days. Fed. R. Civ. P. 72(b)(2). If a party files a timely objection, the district judge must make a *de novo* determination of any part of the magistrate judge's disposition to which an objection has been made. Kris v. Behavior Health Servs., Case No. 4:24-cv-40138-MRG, 2025 WL 1540850, at *2 (D. Mass. May 30, 2025).

II. **PLAINTIFF DOES NOT ALLEGE SUFFICIENT FACTS TO STATE A CLAIM FOR INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONS AGAINST PEVERI**

To state a claim for intentional interference with advantageous relations, Plaintiff must allege sufficient facts to show that Peveri acted with actual malice toward Plaintiff. See Weber v. Cmty. Teamwork, Inc., 434 Mass. 761, 783 (2001); Nicholls v. Bos. Transp. Dep't, No. 13-P-293, 2014 WL 738202, at *3 (Mass. App. Ct. Feb. 27, 2014). To establish actual malice, Plaintiff must allege sufficient facts to show that Peveri's actions were driven by spite or malevolence, *i.e.*, a purpose unrelated to any legitimate corporate interest. See Gram v. Liberty Mut. Ins. Co., 384 Mass. 659, 664 (1981). Personal gain, including financial gain, and personal dislike are generally insufficient to warrant an inference of the requisite ill will. See Weber, 434 Mass. at 781; King v. Driscoll, 418 Mass. 576, 587 (1994). In finding that Plaintiff alleged sufficient facts to state a claim against Peveri, Magistrate Judge Kelley first noted the nature of Plaintiff's factual

---

[2] Expeditors, Peveri and Brian Carrabes do not object to any other portion of the Recommendation, which recommends denying Plaintiff's motion to amend as to all of Plaintiff's other proposed amendments.

allegations made it a "very close question" (Doc No. 72, p. 28) but then concluded that Plaintiff cleared this hurdle, presumably by the slimmest of margins. (Id. pp. 28-29.) In doing so, Magistrate Judge Kelley noted that Plaintiff alleges Peveri told him she received complaints about him without providing specifics; fabricated negative performance reviews; discriminated against him because of his sex by telling him a woman would do a better job in his position than he did and then replacing him with a woman who was less qualified than he was; demoting him and assigning him to work in a warehouse doing manual labor; failing to put him on a PIP or give him any chance to redeem himself; and failing to document any of his negative job changes in his personnel file. (Id. p. 28.) However, the precedent cited by Magistrate Judge Kelley in concluding that Plaintiff's claims survived this "very close" call generally involved additional and different allegations that Plaintiff does not allege in his proposed amended complaint and that cannot plausibly be inferred from Plaintiff's existing allegations. See Bresler v. Muster, 496 Mass. 111, 119 (2025); see also Zimmerman v. Direct Fed. Credit Union, 262 F.3d 70, 74 (1st Cir. 2001) (plaintiff's allegations included claim that supervisor publicly humiliated her at company-wide meeting and tried to "set the plaintiff's coworkers against her"); Lawrence v. Next Ins. Co., No. 24-cv-11285-WGY, 2025 WL 815066, at *16 (D. Mass. March 13, 2025) (plaintiff's allegations of actual malice included claim that supervisor was motivated by discriminatory animus towards plaintiff's disability based upon temporal proximity of four days between request for leave and termination); but see Weber, 434 Mass. at 782 (finding of unlawful discrimination might, but does not necessarily, support inference of actual malice).

In Bresler, the plaintiff alleged that his supervisor not only engaged in conduct similar to what Plaintiff alleges against Peveri but also went further by (1) ignoring third-party complaints that the plaintiff was being bullied and subjected to "impossible scrutiny" and (2) admitting that

there was a "campaign" against the plaintiff that had "taken on a life of its own." Id. The Supreme Judicial Court held that these specific allegations, taken together with numerous other allegations, were sufficient to support an inference that the supervisor "knowingly furthered a campaign separate and apart from any legitimate interest of" the employer. Id. Here, there are no such allegations that Peveri ignored complaints from others or that there was a publicly known "campaign" against Plaintiff. See id. Instead, Plaintiff's allegations are closer to other instances when courts have held that allegations of mismanagement or favoritism are not sufficient to meet the high threshold of "actual malice." See Nicholls v. Bos. Transp. Dep't, No. 13-P-293, 2014 WL 738202, at *3 (Mass. App. Ct. Feb. 27, 2014) (affirming trial court's Rule 12(b)(6) dismissal of intentional interference because plaintiff's allegations that supervisor opposed plaintiff's return to work did not rise to level of actual malice); Weber, 434 Mass. at 783 ("[A] manager's decision to replace an at-will employee with a less qualified employee, even one 'he arbitrarily chose,' … does not support an inference of malice); cf. O'Brien v. New England Tel. & Tel. Co., 422 Mass. 686, 688-89 (1996) (finding actual malice where supervisor regularly screamed and yelled at plaintiff in front of others, calling her "looney tunes," "whore," "prostitute," and "slut."). Plaintiff's proposed amended complaint is wholly devoid of the kind of public, repeated conduct courts have found sufficient to allege that an individual coworker acted with actual malice. Bresler, 496 Mass. at 119. Thus, this Court should deny Plaintiff's motion to amend to add a claim of intentional interference with relations against Peveri. See id.; Weber, 434 Mass. at 783.

## II. PLAINTIFF DOES NOT ALLEGE SUFFICIENT FACTS TO STATE A CLAIM FOR INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONS AGAINST BRIAN CARRABES

As Magistrate Judge Kelley noted in the Recommendation, Plaintiff's factual allegations against Brian Carrabes are "more sparse" than his allegations against Peveri and the question of

whether Plaintiff sufficiently pleads a claim of intentional interference against Brian Carrabes is "an even closer call." (Doc No. 72, p. 29.) In fact, the SJC's recent decision in Bresler, which is cited in the Recommendation, is dispositive of Plaintiff's claim against Brian Carrabes. See 496 Mass. at 120-21. In Bresler, the SJC affirmed the trial court's Rule 12(b)(6) dismissal of an intentional interference claim against a manager who, like Brian Carrabes, terminated the plaintiff but was not personally involved in any of the conduct by other coworkers who allegedly acted with actual malice toward the plaintiff. See id. Specifically, in Bresler, the plaintiff alleged that this manager (1) sent the plaintiff a letter repeating false allegations reported by other employees; (2) did not give the plaintiff an opportunity to understand or respond to those deficiencies; (3) did not investigate the deficiencies; and (4) terminated the plaintiff based on these errors "either knowing that some of them were false or with reckless disregard for their falsity." See id. In affirming dismissal of the claim, the SJC noted that the plaintiff only alleged that this manager "conveyed" deficiencies reported by other employees and that the supervisor did not independently investigate these reports—something that suggests "mismanagement, not malice." Id. Here, Plaintiff's allegations against Brian Carrabes stand on even weaker footing. See id.

Plaintiff does not allege that Brian Carrabes was involved in or aware of any of the allegedly fabricated issues that led Peveri to demote Plaintiff and replace him with a female employee. Moreover, no plausible inference could be drawn that Brian Carrabes was aware of any allegedly false complaints about Plaintiff, given that Plaintiff specifically alleges that Peveri created an inaccurate paper trail to justify any decisions she made regarding Plaintiff. Rather, Plaintiff merely alleges that during a meeting on February 5, 2024, Brian Carrabes became angry, yelled at Plaintiff and fired him. At most, even taking all of Plaintiff's allegations as true, he merely alleges that Brian Carrabes failed to independently investigate the grounds for any of Peveri's

decisions prior to February 5, 2024, which, as a matter of law, is insufficient to rise to the level of actual malice. See Bresler, 496 Mass. at 120-21. As such, Plaintiff fails to allege sufficient facts to support a plausible inference that Brian Carrabes acted with actual malice, and this Court should not adopt the Recommendation to allow Plaintiff to amend his complaint to add a claim of intentional interference with advantageous relations against Brian Carrabes. See Bresler, 496 Mass. at 120-21.

### III. CONCLUSION

For the foregoing reasons, Expeditors, Peveri and Brian Carrabes request that this Court sustain their objections to the Recommendation as to Plaintiff's proposed claim of intentional interference with advantageous relations against Peveri and Brian Carrabes (Count X), decline to adopt the Recommendation as to this specific claim, and otherwise adopt the Recommendation in all other respects.

Respectfully submitted,

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,

By Its Attorneys,

*/s/ Matthew J. Lynch*
Asha A. Santos, BBO No. 670861
asantos@littler.com
Matthew J. Lynch, BBO No. 689363
mlynch@littler.com

LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA 02110
Telephone: 617.378.6000
Facsimile: 617.737.0052

Dated: June 26, 2025

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the within document was filed and served electronically by operation of the Court's CM/ECF System upon the following counsel of record on this 26th day of June 2025:

Adam P. Clermont, Esq.
6 Liberty Square
PMB 226
Boston, MA 02109
aclermont@attorneyapc.com

                                                */s/ Matthew J. Lynch*
                                                Matthew J. Lynch