UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CARRABES,<br>　　　　　　Plaintiff,<br>　　v.<br>EXPEDITORS INTERNATIONAL OF<br>WASHINGTON, INC., TRACY PEVERI and<br>BRIAN CARRABES<br>　　　　　　Defendant. | Civil Action No. 1:24-cv-12142-AK |

**JOINT MOTION FOR ENTRY OF STIPULATED
CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Now come the parties in the above-captioned matter and jointly move that this Court enter a mutually agreed-upon and stipulated protective order pursuant to Fed. R. Civ. P. 26 as follows: This matter comes before the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the entry of a Protective Order governing the disclosure of confidential information by plaintiff Michael Carrabes ("Plaintiff") and defendants Expeditors International of Washington, Inc., Tracy Peveri and Brian Carrabes ("Defendants") (each a "Disclosing Party" and collectively, the "Disclosing Parties") during this lawsuit and entry of the stipulated Clawback Stipulation and Order attached hereto as Exhibit A. The Disclosing Parties have agreed, as set forth in this Stipulated Confidentiality Agreement and Protective Order, to treat certain information as "Confidential" and subject to the protections afforded herein.

1.　　**Definition of "Documents or Information."**

The term "documents or information" shall be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of Civil Procedure and Local Rule 26.5.

## 2.      Designation and Use of Confidential Material.

A Disclosing Party may designate as "Confidential" any documents or information produced in response to discovery requests or subpoenas which, in good faith, such Disclosing Party deems confidential, including without limitation, any documents or information (a) concerning any current or former employee or independent contractor of Defendants, including without limitation documents containing compensation-related information, health or medical-related information, Social Security numbers, home addresses, or home telephone numbers, (b) concerning health, medical, psychiatric, financial or insurance information of a Disclosing Party, (c) containing "personal information," as that term is defined in Mass. Gen. Laws c. 93H, § 1; (d) concerning any other proprietary, confidential or trade secret information of a Disclosing Party or any Disclosing Party's customers, clients, suppliers, vendors, business partners, or agents; (e) Personal identifying information, including Social Security numbers, financial account numbers, home addresses, or personal medical records.  Such designation shall be made by stamping or otherwise affixing a label or sticker stating "CONFIDENTIAL" to the documents or information so designated at the time of their production.

The restrictions and obligations set forth in this Stipulated Confidentiality Agreement shall not apply to any information that the parties agree, or the Court rules, has become public knowledge other than by a disclosure by a receiving party.

Documents previously produced may be retroactively designated, by a Disclosing Party producing the document or by another Disclosing Party, by notice in writing identifying each such document Bates number within thirty (30) days of the parties' execution of this Stipulation. Documents produced without designation or with improper designation may be retroactively designated in the same manner, within thirty (30) days of production and shall be treated as

2

confidential from the date written notice of the designation is provided to the receiving party. In the event of any change in designation pursuant to this paragraph, the party making the change shall promptly provide substitute copies of all documents as to which confidential status is claimed, with the replacement documents to bear a stamp, label, or sticker identifying the document as Confidential. Thereafter, the original, incorrectly designated documents (and all copies thereof) shall be promptly destroyed or returned to the designating party, with confirmation in writing.

Information disclosed or discussed in a deposition may be designated as "Confidential" by any Disclosing Party by so indicating on the record at the time of the deposition or, within thirty (30) days after receipt by the Disclosing Party of the applicable deposition transcript, by notifying counsel for the other Disclosing Party in writing as to which portions of the deposition transcript contain "Confidential" information.

All documents or information marked or designated "Confidential" in accordance with this Protective Order shall be used solely for the purpose of conducting the above-captioned lawsuit (the "Proceeding"), and not for, or in connection with, any other cases or disputes or for any other purpose. A recipient of any "Confidential" documents or information shall not disclose to anyone not specified in Paragraph 3 of this Protective Order any "Confidential" documents or information without the prior written consent of the Disclosing Party who produced such documents or information. Nothing contained in this Protective Order shall affect the right of a Disclosing Party to use or disclose materials that such Disclosing Party has produced and designated "Confidential" as such Disclosing Party sees fit; however, if a Disclosing Party uses or discloses the documents in a manner inconsistent with the designation of the documents as Confidential, and such use or disclosure is not inadvertent or unintentional, and is left uncorrected upon discovery of such use or disclosure, the documents will not be deemed Confidential for purposes of this Protective Order.

All "Confidential" documents or information obtained by any person shall be maintained carefully so as to preclude access by persons who are not entitled to receive such documents or information.

If any document or information marked "Confidential" is disclosed to any person not entitled to receive such material, the receiving party shall promptly notify the Disclosing Party about such disclosure and shall promptly make a reasonable, good faith effort to retrieve such material and to prevent further disclosure of it.

3.      **Disclosure of "Confidential" Documents or Information.**

Other than at trial, a deposition related to this Proceeding, or a hearing or conference regarding any motion in this Proceeding, documents or information marked or designated as "Confidential" may not be disclosed or made available by a recipient of such documents or information to any person other than:

a.      Plaintiff;

b.      current or former employees of Defendant, whose assistance is needed in the prosecution or defense of this Proceeding;

c.      the in-house legal counsel of Defendant, and the clerical, paralegal, and secretarial staff of such in-house legal counsel;

d.      the counsel of record of any Disclosing Party including any partners or associates of counsel of record (even if such attorneys have not appeared as counsel of record), and the clerical, paralegal, and secretarial staff of such counsel;

e.      individuals whom any party to this Proceeding deposes and/or intends to call as witnesses at trial, provided that such party reasonably believes that the witness has information concerning the documents or information;

f.      outside experts or consultants who are engaged expressly for the purpose of assisting in the Proceeding, as well as commercial copy services, data entry and computer support organizations hired by and assisting outside counsel for a Disclosing Party; and

g.      the Court, court personnel, any court or shorthand reporter or typist used to record or transcribe testimony, and jurors or alternate jurors.

Error! Unknown document property name.

Nothing herein shall prevent any person from seeking, by written agreement of the signatories hereto or court order, further, greater or lesser protection with respect to the use of any "Confidential" materials in connection with this Proceeding.

**4.    Signing of Declaration of Confidentiality.**

Each person to whom disclosure is made pursuant to Paragraphs 3(e) or 3(f) shall be given a copy of this Protective Order and shall sign a declaration prior to receipt of any "Confidential" documents or information.  Such declaration shall state that the receiving party agrees that he or she is bound by the terms of this Protective Order.  Nothing contained herein shall limit the duty or obligation of a party to produce documents in a timely manner pursuant to the Federal Rules of Civil Procedure or pursuant to any agreed extension by the opposing party's counsel of record. Each person to whom the documents are exhibited and/or the information contained therein is disclosed hereby submits himself or herself to the jurisdiction of the Court over his or her person, wherever he or she shall be, for the enforcement of this Protective Order.

**5.    Return of Documents or Information.**

At the conclusion of the Proceeding, all documents or information covered by this Protective Order, and all copies of same, and all documents or portions thereof containing information derived from documents or information covered by this Protective Order, shall be returned by the receiving party or person to counsel for the Disclosing Party, or shall be destroyed, and, if requested by the Disclosing Party, counsel of record for the Receiving Party shall certify in writing within thirty (30) days of the conclusion of the Proceeding that such material has been returned or destroyed (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, one copy each of any document that falls within the definition of a "client's file" under Mass. R. Prof. C. 1.15A(a)).  This paragraph

Error! Unknown document property name.

shall not apply to such documents that are exempted from this paragraph by an agreement and stipulation signed by the Disclosing Party or its counsel of record.

6. **Disputes Regarding Designation of Material.**

Where disputes arise as to the protected nature of any information or documents, such disputes shall be resolved, if possible, by agreement by and among the Disclosing Parties. If an agreement cannot be reached within thirty (30) days from a Disclosing Party's receipt of a written request from the Receiving Party that certain documents or information not be designated as "Confidential," the Receiving Party may serve an appropriate motion, pursuant to applicable Local Rules, requesting that certain information not be designated "Confidential." Once a motion disputing the designation of a document or other information is filed, the original designating party shall bear the burden of proof to justify the designation of the protected nature of any information or document.

7. **Protective Order Does Not Affect Right To Assert Privilege.**

Nothing in this Protective Order shall affect any matter of attorney-client privilege, work product immunity, or any other privilege or immunity, which matters shall be governed by the applicable law of privilege or immunity. To the extent, however, that documents claimed to be protected from discovery on the grounds of such privilege or immunity are held by the Court not to be so protected, the terms of this Protective Order shall govern any "Confidential" information contained in such documents.

8. **Protective Order Does Not Affect Other Pending Motions, Claims or Defenses.**

Nothing in this Protective Order, or the parties' request for same, shall affect any motion currently pending before the Court, or any other claim or defense asserted by either party.

Error! Unknown document property name.

**9.    Further Protective Orders.**

Nothing in this Protective Order shall affect any party's right to seek further protective orders under Rule 26(c).

**10.    Contempt Proceedings.**

The provisions of this Protective Order may be enforced like any other court order, including, where appropriate, by contempt proceedings.

**11.    Impoundment Proceedings.**

If material designated "Confidential" is filed with the Court, it shall be filed under seal in accordance with the Uniform Rules on Impoundment Procedure. If a Party wishes to use any Confidential Information received from the opposing party in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, prior to submitting such documents the Party shall notify opposing counsel of the same in writing at least seven (7) days in advance, if reasonably practical to do so.  Unless opposing counsel consents in writing to the public filing of such information, such information may not be filed in the Court's public docket (or ECF) until the Party who wishes to file or submit the Confidential Information offers the Party who wishes to preserve the Confidential Information a reasonable opportunity to file a motion asking the Court to impound and maintain the documents under seal.

**12.    Full Force and Effect.**

This Order, until it is entered by the Court, and even if it is never entered by the Court, shall be deemed to be an enforceable agreement among the Parties.

Error! Unknown document property name.

**SO ORDERED**:

_____

                        , J.

Date:_____


**STIPULATED TO THIS 5th DAY OF NOVEMBER 2025:**

Error! Unknown document property name.

Respectfully submitted,

| | |
|---|---|
| MICHAEL CARRABES, | EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.; TRACY PEVERI; and BRIAN CARRABES, |
| By his attorney, | By their attorneys, |
| */s/ David W. Heinlein* | */s/ Matthew J. Lynch* |
| David W. Heinlein (BBO#550598) | Asha A. Santos, Bar No. 670861 |
| Heinlein Beeler Mingace | asantos@littler.com |
| & Heineman, PC | Matthew J. Lynch, Bar No. 689363 |
| 276 Union Ave. | mlynch@littler.com |
| Framingham, MA 01702 | LITTLER MENDELSON, P.C. |
| (508) 626-8500 | One International Place |
| Dheinlein@hbmhlaw.com | Suite 2700 |
| | Boston, MA  02110 |
| | Telephone:   617.378.6000 |
| | Facsimile:    617.737.0052 |

November 5, 2025

## CERTIFICATE OF SERVICE

I, Matthew J. Lynch, hereby certify that on this 5th day of November 2025, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to all registered participants identified on the Notice of Electronic Filing and via first-class mail to all non-registered participants identified on the Notice of Electronic Filing.

*/s/ Matthew J. Lynch*
Matthew J. Lynch

Error! Unknown document property name.