UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CARRABES,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., TRACY PEVERI and BRIAN CARRABES,<br><br>Defendants. | Civil Action No. 1:24-cv-12142-AK |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Plaintiff Michael Carrabes's ("Plaintiff") failure to adequately develop any arguments in support of his motion to strike calls to mind former Tampa Bay Buccaneers head coach John McKay, who once described his football team's losing effort by saying, "We didn't tackle well today, but we made up for it by not blocking." Now, decades later and in a different arena, Plaintiff not only fails to provide any factual analysis for his request to strike nearly 70 paragraphs from six different affidavits proffered by Defendants in support of their summary judgment motion, but also fails to provide any substantive legal argument whatsoever. For example, Plaintiff appears to contend that many of the challenged statements contain inadmissible hearsay. However, Plaintiff does not explain how or why any of these statements are being offered for the truth of the matter asserted, a threshold showing for a party seeking to exclude a statement as hearsay. Plaintiff also does not address whether any purported hearsay statements may be admissible as an exception to the bar on hearsay. Moreover, Plaintiff's "argument" regarding hearsay—cursory though it may be—is downright Dickensian when compared to his assertions that other statements should be stricken because they are "inadmissible opinion statements" or "vouching," arguments for which

Plaintiff does not cite a single case or rule of evidence. Plaintiff does not meet his burden of adequately developing his argument(s), and Plaintiff cannot foist this burden upon Defendants and/or this Court. As such, Plaintiff's Hail Mary of a motion is incomplete and should be denied.[1]

Even if this Court chooses to do Plaintiff's work for him and attempts to extrapolate some cognizable argument from his bare suppositions, Plaintiff's motion fares no better. Many of the statements Plaintiff appears to contest are in fact admissible as non-hearsay, as an exception to hearsay, as permissible opinion under Rule 701, or for other reasons, as set forth in detail below. Thus, Plaintiff's motion should be denied even if this Court attempts to reach the substance of Plaintiff's cursory "argument."

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of Plaintiff's former employment with defendant Expeditors International of Washington, Inc. ("Expeditors"). Plaintiff alleges that Expeditors discriminated against him on the basis of sex, and he asserts claims of interference with advantageous business relations against his former supervisor, Tracy Peveri ("Peveri"), and her supervisor, Brian Carrabes[2]. Defendants deny any allegations of discrimination or other unlawful conduct. On August 13, 2026, Defendants timely moved for entry of summary judgment dismissing all of Plaintiff's claims. (Doc No. 116.) In support of their motion, Defendants submitted affidavits from Peveri and Brian Carrabes. (Doc Nos. 120-121.) Defendants also submitted affidavits from five other current and former Expeditors employees: Nancy Bowie ("Bowie"); Joe Scali ("Scali"); Jenna Connors ("Connors"); Peter Dale ("Dale"); and Jennifer Bokavich Christenson ("Bokavich Christenson"). (Doc Nos. 122-126.) These affidavits contain information relevant to Plaintiff's

---

[1] To be clear, this failure is no mere technicality. Defendants are substantively prejudiced when forced to guess why Plaintiff seeks to strike part of an affidavit and/or what specific part of an affidavit Plaintiff seeks to strike, especially if Plaintiff were then allowed to advance a different or more specific argument in his reply and/or at oral argument.

[2] Brian Carrabes is also Plaintiff's brother.

claims and Defendants' defenses, including statements by Plaintiff's former direct reports about their issues with his management style, especially in the time leading up to Peveri's decision to remove Plaintiff from the District Sales Manager ("DSM") position in 2022. (Doc Nos. 120, 122-123, 125-126.) These affidavits also contain information about Expeditors' efforts to find another position for Plaintiff within the company after his removal as DSM. (Doc Nos. 120, 121, 124.) Plaintiff opposes Defendants' summary judgment motion (Doc No. 132), and, as part of his opposition, Plaintiff moves to strike certain portions of these affidavits (Doc No. 131).

## ARGUMENT

### I. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF FAILS TO ADEQUATELY DEVELOP HIS ARGUMENT.

This Court is free to disregard arguments that are not adequately developed. See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 263 (1st Cir. 1999); McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991). It is not enough for a party "merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); see also J.R. Insulation Sales & Servs., Inc. v. P.R. Elec. Power Auth., 482 B.R. 47, 56 (D.P.R. 2012) (noting that "passing reference to legal phrases and case citation without developed argument" is insufficient). Rather, the party advancing the argument must, at minimum, provide sufficient factual basis for their legal argument and apply the law to the facts. See id. Here, Plaintiff fails to clear this initial hurdle because he does not adequately develop the factual and/or legal grounds to strike *any* of the paragraphs identified in his motion. See id.

Most of Plaintiff's challenges are purportedly on hearsay grounds, yet Plaintiff never analyzes a single, individual statement to (1) explain why the disputed statement is being offered for the truth of the matter asserted, rather than for some other, non-hearsay purpose, or (2) address

whether a statement is admissible under a recognized hearsay exception. (Doc No. 131 pp. 2-7.) If anything, it seems as though Plaintiff skimmed the affidavits to identify any instance where the words "told" or "said" appear, and Plaintiff then asserts without any further explanation that those parts of an affidavit contain inadmissible hearsay. (Id.) Plaintiff's attempts to identify alleged hearsay statements in Peveri's affidavit are representative of this cursory approach:

> Paragraph 9: "Alex Finn…told me…" This paragraph contains hearsay.
>
> Paragraph 21: "…and she told me.." This paragraph contains hearsay.
>
> Paragraph 23: "Joe Scali…also told me…" This paragraph contains hearsay.
>
> Paragraph 27: "…she let me know…" This paragraph contains hearsay.

(Doc No. 131 pp. 2-3.) Plaintiff fails to meet his burden to properly develop the factual and legal contours of his hearsay argument when he does not even identify the actual, alleged hearsay statement, and neither Defendants nor this Court are obligated to do this work for Plaintiff. See Higgins, 194 F.3d at 263; McCoy, 950 F.2d at 22; Zannino, 895 F.2d at 17.

Plaintiff also asks this Court to strike certain statements because they purportedly contain "inadmissible opinion" testimony, improper "vouching," or some other alleged defect, but Plaintiff's non-hearsay arguments are even more inadequate because Plaintiff does not cite a single case, rule of evidence, or source of law of any kind for these issues. (Doc No. 131 pp. 2-7; Doc No. 120 ¶ 65 ("Peveri Aff."); Doc No. 122 ¶¶ 10, 21, 32-33 ("Bowie Aff."); Doc No. 123 ¶¶ 16, 32 ("Connors Aff."); Doc No. 125 ¶ 21 ("Scali Aff."); Doc No. 126 ¶¶ 7, 11, 15 ("Bokavich Christenson Aff.").) Rather, Plaintiff's citation to a First Circuit case for the definition of hearsay and two district court cases for the general proposition that hearsay statements are inadmissible at summary judgment constitute the entirety of Plaintiff's application of law to facts at any point in his motion to strike. (Doc No. 131 pp. 2-7.)

At times, Plaintiff appears to compound this failure by wielding a butcher knife in situations where even if Plaintiff were correct—and he is not—a scalpel would be the appropriate tool. See HMC Assets, LLC v. Conley, C.A. No. 14-10321-MBB, 2016 WL 4443152, at *2 (D. Mass. Aug. 22, 2016). For example, Plaintiff seemingly seeks to strike the entirety of the following sentence from Peveri's affidavit based solely on his assertion that this sentence contains "inadmissible thoughts or impressions and contains hearsay":

> It seemed like the sales team was on the verge of collapse, given that Jen left, Alex nearly left, and both Joe and Nancy said they were considering leaving.

(Doc No. 131 p. 3; Peveri Aff. ¶ 28.) However, Plaintiff does not identify what part of this statement purportedly contains "inadmissible thoughts or impressions," does not articulate the legal basis to contend that "thoughts or impressions" are not admissible, does not identify what part of this statement is allegedly hearsay, and does not articulate the legal basis to contend that any part of this statement is offered for the truth of the matter asserted. (Id.) Elsewhere, Plaintiff asserts that a statement must be stricken because it "contains inadmissible opinion testimony, is based upon hearsay or both," without any further specificity or explanation. (Doc No. 131 p. 6; Doc No. 124 ¶ 24 ("Dale Aff.").) In doing so, Plaintiff impermissibly leaves it to Defendants and/or this Court to guess at what parts of any particular affidavit Plaintiff actually seeks to strike *and* to then try to discern the legal argument Plaintiff intends to make. See Higgins, 194 F.3d at 263; McCoy, 950 F.2d at 22; Zannino, 895 F.2d at 17; J.R. Insulation Sales & Servs., 482 B.R. at 56. Because Plaintiff fails to adequately develop any of his arguments to strike any part of the contested affidavits, Plaintiff's motion must be denied. See id.

## II. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE CHALLENGED STATEMENTS ARE ADMISSIBLE

In an abundance of caution, Defendants attempt to decipher Plaintiff's cursory assertions. As set forth in detail below, Plaintiff's motion should also be denied because there is no merit to Plaintiff's assertions that the challenged statements are inadmissible hearsay, impermissible opinion testimony or are inadmissible for any other reasons. See United States v. Reyes, 24 F.4th 1, 24–25 (1st Cir. 2022); Franchina v. City of Providence, 881 F.3d 32, 50-51 (1st Cir. 2018); United States v. Shay, 57 F.3d 126, 131-32 (1st Cir. 1995); Amarin Plastics, Inc. v. Md. Cup Corp., 946 F.2d 147, 153 (1st Cir. 1991). Importantly, this Court may consider evidence at the summary judgment stage even if the evidence is inadmissible in its current form, as long as the evidence could be presented in an admissible form at trial. See Rodriguez-Severino v. UTC Aerospace Sys., 52 F. 4th 448, 460-61 (1st Cir. 2022) (court should consider evidence at summary judgment so long as evidence could be presented in admissible format at trial); Fed. R. Civ. P. 56(c)(4).

### A. Defendants' Affidavits Do Not Contain Inadmissible Hearsay

Out-of-court statements are considered non-hearsay, and are therefore admissible, if the statement is not offered for the truth of the matter asserted. Franchina, 881 F.3d at 50. Even a statement that qualifies as hearsay is nevertheless admissible if it fits into one of the hearsay exceptions recognized by the Federal Rules of Evidence. See Fed. R. Evid. 803(1)-(23), 804(b)(1)-(6), 807. Here, Plaintiff's motion to strike the statements identified below should be denied because these statements are admissible either as non-hearsay and/or as one of the recognized exceptions to the ban on hearsay. See Franchina, 881 F.3d at 50-51.

#### 1. Complaints About Plaintiff Are Not Hearsay.

Plaintiff apparently seeks to strike as "inadmissible hearsay" any instance in which a witness describes a complaint they received from someone else about Plaintiff's management of

the sales team. (Doc No. 131, pp. 2-7; Peveri Aff. ¶¶ 9, 10, 12-13, 15, 18-19, 21-23, 26-28; Doc No. 121 ¶¶ 5 ("B. Carrabes Aff."); Bowie Aff. ¶¶ 11, 27; Connors Aff. ¶¶ 9, 19, 20, 28, 29; Scali Aff. ¶¶ 16-17; Bokavich Christenson Aff. ¶ 14.) However, these statements are not hearsay because they are offered not to prove the truth of the matter asserted (i.e., whether Plaintiff engaged in the underlying conduct described in the complaint), but instead are offered for other, entirely admissible purposes. See Franchina, 881 F.3d at 50-51. As courts have recognized, complaints made by other employees are not hearsay when such statements are offered for the purpose of showing notice (i.e., the mere fact that a complaint was made), the effect the complaint had on the person who received it, or the state of mind of a supervisor who acted upon the complaint. See Franchina, 881 F.3d at 50-51; Hoffman-Garcia v. Metrohealth, Inc., No. CV 14-1162 (PAD), 2018 WL 671200, at *10 (D.P.R. Jan. 31, 2018), aff'd, 918 F.3d 227 (1st Cir. 2019); Chery v. Sears, Roebuck & Co., 98 F. Supp. 3d 179, 186 (D. Mass. 2015); see also Maccagnan v. Cherry Creek Sch. Dist. No. 5, 182 F.4th 1169, 1197–98 (10th Cir. 2026); Warren v. Tri Tech Labs., Inc., 993 F. Supp. 2d 609, 636–37 (W.D. Va. 2014), aff'd, 580 F. App'x 182 (4th Cir. 2014). Here, to the extent any affidavit summarizes a statement made to Peveri, Defendants offer these statements for the non-hearsay purposes of showing (1) that Peveri received complaints, regardless of whether the underlying complaints were true; (2) the effect that these statements had on Peveri[3]; and (3) her state of mind when she decided to remove Plaintiff from his DSM role in 2022. See id. To the extent any affidavit summarizes a statement made to someone other than Peveri, Defendants offer these statements for the non-hearsay purposes of showing that other individuals also received notice of complaints about Plaintiff and the effect that these complaints had on these individuals,

[3] Peveri's statement that Steve Walker, Geographic Vice President, "approached" her about Plaintiff going back into sales is admissible for similar reasons. (Doc No. 131 p. 3; Peveri Aff. ¶ 37.) There is no statement, and, to the extent this Court finds an implicit statement, this statement is offered to show the effect on Peveri (i.e., why she then spoke to Plaintiff about going back into sales).

including their decision to start meeting without Plaintiff and/or to then report their own complaints to Peveri. See Franchina, 881 F.3d at 50-51. As such, these statements are not hearsay. See Vázquez-Valentín v. Santiago-Díaz, 459 F.3d 144, 150-151 (1st Cir. 2006) (documents describing personnel irregularities not hearsay because they were offered as an explanation for defendants' actions rather than for the truth of the personnel irregularities described in the documents); Moore v. Sears, Roebuck and Co., 683 F.2d 1321, 1322-1323 (11th Cir. 1982) (memoranda prepared by plaintiff's supervisors over a period of months containing observations pertaining to plaintiff's performance not hearsay when offered to show employer discharged plaintiff for reasons other than age instead of to prove the truth of the document's content); Collins v. James River Paper Co., C.A. No. 91-30245-FHF, 1994 WL 92199, *7 (D. Mass. March 17, 1994) (negative comments to plaintiff's supervisor regarding plaintiff's performance not hearsay when offered to show supervisor's state of mind in evaluating plaintiff's performance, not to prove that the comments were true); see also Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1434-35 (10th Cir. 1993) (employee complaints recounted by supervisor admissible to show state of mind in making employment decisions).

Moreover, because these statements are not hearsay, Plaintiff's assertion that ¶ 26 of Peveri's affidavit contains "totem pole" hearsay (Doc No. 131, p. 3) is unavailing. See United States v. Ferber, 966 F. Supp. 90, 96–97 (D. Mass. 1997). Hearsay-within-hearsay, also known as "totem pole" hearsay, refers to instances in which an out-of-court statement has been conveyed through more than one declarant. Id. These statements are nevertheless admissible if each statement by each declarant is independently admissible. Id. Here, Peveri states that between 2020 and 2022, Connors informed Peveri of complaints about Plaintiff that Connors received from members of the sales team. (Peveri Aff. ¶ 26.) Plaintiff appears to contend that this constitutes

hearsay-within-hearsay because (1) the sales team's complaints to Connors are hearsay and (2) Connors' statement informing Peveri of these complaints is hearsay. (Doc No. 131, p. 3.) However, each of these statements is admissible as non-hearsay because (1) the statements that Connors received from others show the effect they had on her, *i.e.*, that she believed the sales team was unhappy and that she notified Peveri; and (2) Defendants offer Connors' statements to Peveri for the admissible reasons described above, notice and Peveri's state of mind. See Franchina, 881 F.3d at 50-51; Hoffman-Garcia, 2018 WL 671200, at *10; Chery, 98 F. Supp. 3d at 186. As such, each statement is independently admissible, and this Court should not strike ¶ 26 of Peveri's affidavit. See id.

2. A Witness's Own Statement Is Not Inadmissible Hearsay.

Plaintiff also argues—again without citation to any applicable law—that portions of affidavits in which a person recounts their own statements to others are hearsay. (Doc No. 131 pp. 2-7; Peveri Aff. ¶¶ 31, 33, 38; B. Carrabes Aff. ¶ 7; Bowie Aff. ¶¶ 9, 26; Connors Aff. ¶¶ 22, 23, 30[4]; Dale Aff. ¶¶ 6, 11, 19; Scali Aff. ¶¶ 18, 19.) However, these statements are not inadmissible hearsay because each witness can adopt their own statements when testifying at trial, meaning the statements are not hearsay as defined by Rule 801(c)(1). See Amarin Plastics, 946 F.2d at 153 ("When a witness, on the stand and under oath, acknowledges that a prior statement is his own statement and is truthful, then the witness adopts the prior statement as his present testimony and there is no hearsay problem."); Fed. R. Evid. 801, Note (d)(1) ("If the witness admits on the stand that he made the statement and that it was true, he adopts the statement and there is no hearsay problem."). Thus, even if this Court finds that these statements *currently* constitute hearsay at this stage of litigation, each witness can cure this problem by adopting these statements as their own

[4] This particular statement is also admissible through Peveri because it summarizes a complaint about Plaintiff that Peveri received and is therefore admissible non-hearsay, as set forth above.

at trial. See Velazquez-Caussade v. Orta-Rodriguez, No. CIV. 13-1761 MEL, 2015 WL 4618284, at *4 (D.P.R. July 31, 2015) ("Regardless, in order to cure the hearsay problem, Velázquez can take the stand and adopt the prior statement as his testimony, if he chooses to do so."). However, there is no basis to strike statements that would be admissible at trial as inadmissible at summary judgment simply because Plaintiff chose not to ask these questions at a deposition or because Plaintiff chose not to depose a witness in the first place. See Amarin Plastics, 946 F.2d at 153; see also Botey v. Green, No. 3:12-CV-1520, 2018 WL 5985694, at *20–21 (M.D. Pa. Nov. 14, 2018), aff'd, 782 F. App'x 158 (3d Cir. 2019) ("The fact that Plaintiff chose not to cross-examine Strauss about certain statements to which he now objects is immaterial – counsel was given the opportunity to ask any questions regarding the document and made a decision as to what statements he wanted to address with Strauss.") Therefore, there is no basis to strike these statements. See Rodriguez-Severino, 52 F. 4th at 460-61 (court should consider evidence at summary judgment so long as evidence could be presented in admissible format at trial); Fed. R. Civ. P. 56(c)(4) (affidavit must "… set out facts that *would be* admissible in evidence …") (emphasis added).

3. Peveri's Statements to Dale Regarding Plaintiff's Job Performance Are Not Inadmissible Hearsay

Plaintiff further seeks to strike several paragraphs of Dale's affidavit in which he states that (1) when he asked Peveri about Plaintiff's removal from the DSM position, Peveri told Dale that Plaintiff was "working on another opportunity"; and (2) when Dale asked Peveri for a reference for Plaintiff, Peveri said that Plaintiff "was the same great guy he had always been." (Doc No. 131 p. 6; Dale Aff. ¶¶ 7, 13.) Neither of these statements is hearsay because neither statement is offered for the truth of the matter asserted, *i.e.*, that Plaintiff was "working on another opportunity" or a "great guy." See Ira Green, Inc. v. Military Sales & Serv. Co., 775 F.3d 12, 18-19 (1st Cir. 2014); Fed. R. Evid. 801(c), Note to Subdivision (c) ("If the significance of an offered statement

lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."). Instead, these statements are offered for the non-hearsay purpose of showing that Peveri made these statements, regardless of whether they were true. See Ira Green, 775 F.3d at 18-19; Fed. R. Evid. 801(c). The issue of whether Peveri bore any animus or malice towards Plaintiff is central to several claims in this matter. See Alba v. Sampson, 44 Mass. App. Ct. 311, 314-15 (1998). The fact that Peveri did not say anything negative about Plaintiff when asked is directly relevant to the issue of her state of mind and whether she bore any malice or ill will toward Plaintiff. See id. Additionally, these statements are also admissible as non-hearsay to show their effect on Dale, specifically, that as a result of these statements, Dale did not believe there were issues with Plaintiff's work performance. See Ira Green, 775 F.3d at 18-19. Moreover, even if these statements were hearsay, they are admissible as an exception because they show Peveri's intent and plan at the time not to hinder Plaintiff's ability to find another position within Expeditors. See Fed. R. Evid. 803(3).

4. Peveri's Statements to Brian Carrabes Immediately After Plaintiff Left Expeditors' Office Are Not Inadmissible Hearsay.

Plaintiff appears to seek to strike the portion of Brian Carrabes' affidavit in which he states that Peveri told him that Plaintiff "left his laptop and badge at the front desk on his way out, and Tracy asked me if I had fired Mike." (Doc No. 131 p. 4; B. Carrabes Aff. ¶ 6.) However, it is undisputed that Plaintiff left his laptop and badge at the front desk when he left (SUMF ¶ 116), and the remaining part of this sentence is not inadmissible hearsay. See Franchina, 881 F.3d at 50-51; Hoffman-Garcia, 2018 WL 671200, at *10; Chery, 98 F. Supp. 3d at 186. First, Peveri asked Brian Carrabes a question, and a question is not hearsay because there is no assertion. See United States v. Pena, 24 F.4th 46, 63 (1st Cir. 2022) ("Pena's statement to Ortiz – 'What time can Black be here for sure?' – for example, was not an assertion at all, but a question."); United States

v. Vest, 842 F. 2d 1319, 1330 (1st Cir. 1988) ("… his statements were merely questions to Davis, and were not 'offered … to prove the truth of the matter asserted.'") Moreover, these statements are offered to show Peveri's state of mind, *i.e.*, that she did not know what happened during the meeting after she left and did not know if Brian Carrabes had "fired" Plaintiff. See id. Additionally, even if this Court were to conclude that these statements were being offered for the truth of the matter asserted, they are admissible under the present sense impression exception to hearsay because they show Peveri's contemporaneous reaction to learning that Plaintiff left the office and left his laptop and ID badge at the front desk. United States v. Ferber, 966 F. Supp. 90, 99 (D. Mass. 1997). As such, there is no basis to strike ¶ 6 of Brian Carrabes's affidavit. See id. Similarly, there is no basis to strike Dale's statement that Brian Carrabes told Dale that Plaintiff "had quit." (Doc No. 131 p. 6; Dale Aff. ¶ 23.) This statement is offered to show Brian Carrabes's state of mind after the interaction with Plaintiff in his office, and this statement is further admissible as evidence of Brian Carrabes' state of mind. See Ferber, 966 F. Supp. at 99.

5. There Is No Basis to Strike Sentences That Do Not Contain a Statement.

Plaintiff challenges assertions that members of the sales team had "discussions with each other about our frustration with Mike's leadership and the lack of trust we felt." (Doc No. 131 p. 4; Bowie Aff. ¶ 15; Scali Aff. ¶ 7.) However, these sentences are admissible not only for the reasons identified above regarding complaints about Plaintiff's management, but also for a simpler reason: there is no "statement" for purposes of hearsay. See Pena, 24 F.4th at 61. The mere fact that a conversation occurred is not in and of itself hearsay, and neither is a general reference to the topic of the conversation that is offered to provide context and does not attribute a specific "statement" to a "declarant." See Pena, 24 F.4th at 61 (out-of-court statements offered "merely to

show context" are not hearsay and not excludable under Rule 802); United States v. Maher, 454 F.3d 13, 20-21 (1st Cir. 2006). As such, there is no basis to strike these statements. See id.

Dale's statement that he heard that there had been a "mutiny" on the sales team is similarly not hearsay because it is offered to show its effect on Dale, not for the truth of whether there was actually a "mutiny." See Vázquez-Valentín, 459 F.3d at 150-151. Upon hearing this information, Dale contacted Peveri to ask if there was anything he should know about Plaintiff's management of the team, at which point Peveri gave Plaintiff a favorable reference. (Dale Aff. ¶¶ 11-12.) Thus, this statement is offered to show its effect on Dale, because this statement caused him to contact Peveri and ask about Plaintiff's performance, not to prove the truth of whether there was a "mutiny" on the sales team.[5] See Vázquez-Valentín, 459 F.3d at 150-151.

6. Finn's Statement to Bowie is Not Inadmissible Hearsay

Plaintiff also seeks to strike Bowie's statement that she asked Finn for advice about working with Plaintiff and that Finn told her to be as specific as possible because sometimes it was hard to get Plaintiff to focus. (Doc No. 131, p. 4; Bowie Aff. ¶ 16.) To the extent Plaintiff seeks to strike Bowie's description of what she said to Finn, Plaintiff's motion should be denied because this alleged admissibility issue can be cured when Bowie testifies and adopts this statement as true. See Amarin Plastics, 946 F.2d at 153; Fed. R. Evid. 801, Note (d)(1).

7. A Statement of Notice or Intent is Not Inadmissible Hearsay

To the extent Plaintiff contends that this Court should strike Bowie's statement that Peveri told the sales team on October 7, 2022 that Peveri was "removing Mike from the DSM position" (Doc No. 131 p. 5; Bowie Aff. ¶ 28), Plaintiff is again mistaken. See Castro-Lara v. Objio Sarraff,

[5] For this same reason, Bowie's statement that Bokavich Christenson told Bowie that Plaintiff gave Bokavich Christenson the same sales lead as Bowie is admissible to show its effect on Bowie, i.e., it explains why Bowie then told Bokavich Christenson that Plaintiff gave them the same lead. (Bowie Aff. ¶ 20.)

970 F.2d 976, 981 (1st Cir. 1992) ("The hearsay rule does not pertain to statements adduced merely to show that they were made …"). This statement is not offered to prove the truth of the matter asserted, *i.e.*, that Peveri had actually removed Plaintiff from the DSM position on October 7, 2022. Rather, this statement is offered to show notice, *i.e.*, that Peveri made this statement to the sales team on this date. See Collins, 1994 WL 92199, *7. Additionally, even if this Court were to find that this statement constitutes hearsay, this statement is (1) independently admissible because Peveri can testify directly that she made this statement[6] and (2) admissible as an exception to hearsay because it shows Peveri's then-existing intent or plan to remove Plaintiff from the DSM position. See United States v. Houlihan, 871 F. Supp. 1495, 1501-02 (D. Mass. 1994); Fed. R. Evid. 803(3).

8. A Statement Offered to Show the Identity of the Speaker is Not Hearsay

Bowie's statement that Kanny Satar, Expeditors' current Senior Vice President, Global Sales & Marketing, told her that she had been selected for the DSM position (Bowie Aff. ¶ 30) is not hearsay because this statement is also not offered for the truth of the matter asserted (i.e., that Bowie was selected for the position). See United States v. Murphy, 193 F.3d 1, 5-6 (1st Cir. 1999). Rather, this statement is offered to show the identity of the speaker, meaning to show that Satar is the person who made this statement to Bowie. See id.; see also United States v. Saavedra, 684 F.2d 1293, 1298 (9th Cir. 1982). Plaintiff alleges that Peveri demoted Plaintiff so that Peveri could install Bowie as the DSM. However, Peveri testified that she was not involved in the hiring decision, which was made by Dale, Satar, and Josh Brandes, Operations Manager. (SUMF ¶ 73.) As such, the fact that Satar made this statement to Bowie is relevant and admissible to show that

[6] Remarkably, Plaintiff seeks to strike everything that Peveri and Dale testify to regarding this conversation—even their own statements—because Plaintiff appears to believe that the doctrine of hearsay precludes any evidence of any other conversation, ever. (Doc No. 131 pp. 3, 6; Peveri Aff. ¶¶ 31-33; Dale Aff. ¶¶ 6-7, 10, 11, 13.) Not surprisingly, Plaintiff offers no legal support whatsoever for this expansive application of the hearsay doctrine.

that Satar made this statement, not to prove that Bowie was selected for the DSM position. See Murphy, 193 F.3d 5-6.

9. Providing Context is Not Inadmissible Hearsay

Plaintiff also seeks to strike, as inadmissible hearsay, Bowie's statement that "[e]ach member of the sales team also spoke to Jenna Connors, Sales Operations, because we were all struggling to talk to Mike and were trying to figure out what we needed to do." (Bowie Aff. ¶ 25.) However, the fact that a conversation occurred is not, in and of itself, a statement, and this sentence merely explains why conversations occurred, not what was said in any particular conversation. See Pena, 24 F.4th at 61; Maher, 454 F.3d at 20-21 ("testimony from which … the jury would necessarily infer that the declarant had said *X*, but which did not itself quote or paraphrase the declarant's statements" is not hearsay).

**B. Opinion Testimony Is Admissible Pursuant to Rule 701**

Plaintiff also appears to challenge a broad swath of statements because Plaintiff seemingly believes, incorrectly, that any opinion testimony is automatically inadmissible. (Doc No. 131, pp. 2-7; Bowie Aff. ¶¶ 10, 21, 32-33; Connors Aff. ¶¶ 16, 32; Scali Aff. ¶¶ 14, 21; Bokavich Christenson Aff. ¶¶ 7, 11, 15.) Lay witnesses can provide opinion testimony so long as that testimony is (1) rationally based on their perceptions; (2) "helpful" to the jury; and (3) not based on scientific, technical, or other specialized knowledge. See Reyes, 24 F.4th at 24–25; United States v. Angulo-Hernandez, 565 F.3d 2, 9 (1st Cir. 2009); Fed. R. Evid. 701.

Many of the statements Plaintiff challenges as opinion testimony are admissible because they are nothing more than routine observations of Plaintiff based upon each witness's personal knowledge and interactions with Plaintiff, such as whether he "seemed … very absent" (Bowie Aff. ¶ 10); was "disconnected or distracted" (Scali Aff. ¶ 14); "had communication problems with

the team" (Id. ¶ 21); or had a management style that negatively impacted the team's morale (Bokavich Christenson Aff. ¶¶ 7, 11). See Reyes, 24 F.4th at 24-25 (Rule 701 permitted testimony based upon personal observation of defendant's demeanor that defendant "was trying to make up a story"); Angulo-Hernandez, 565 F.3d at 9 (witness permissibly testified that defendants "seemed dejected"); United States v. Rodriguez, 162 F.3d 135, 144 (1st Cir. 1998) ("Personal knowledge can include 'inferences and opinions, so long as they are grounded in personal observations and experience.'"); see also Middleton v. SelecTrucks of Am., LLC, 589 F. Supp. 3d 687, 694–95 (W.D. Ky. 2022) (witness could testify as to plaintiff's job performance based upon witness's personal observation of plaintiff's work); Stoe v. Garland, No. CV 16-1618 (JDB), 2021 WL 4169313, at *8 (D.D.C. Sept. 14, 2021) (employees who worked for manager could testify as to their observations of manager's treatment of women). In fact, each of these witnesses identifies numerous, specific examples in which they personally observed Plaintiff's management style and the resulting dissatisfaction they had with Plaintiff's leadership. (Bowie Aff. ¶¶ 9-10, 13-16; Scali Aff. ¶¶ 6, 8-13; Bokavich Christenson Aff. ¶¶ 8-12.) Additionally, this information is relevant and does not require any of the specialized technical, scientific or other knowledge prohibited by Rule 701. See Angulo-Hernandez, 565 F.3d at 9. As such, there is no basis to strike their general opinions about Plaintiff's management of the sales team and his impact on the team's morale. See Middleton, 589 F. Supp. 3d at 694–95; Stoe, 2021 WL 4169313, at *8.

For these same reasons, there is nothing impermissible about employees who have worked with and/or for Peveri for many years stating that, based on their interactions and observations of Peveri, they believe she treats employees fairly and does not play favorites based on an employee's sex or for any other reason. (Bowie Aff. ¶ 33; Connors Aff. ¶ 32; Bokavich Aff. ¶ 15.) Thus, there is no basis to strike these statements. See Reyes, 24 F.4th at 24-25; Rodriguez, 162 F.3d at 144.

Plaintiff further claims that it is improper opinion testimony for Peveri to state that "[i]t seemed like the sales team was on the verge of collapse." (Doc No. 131 p. 3; Peveri Aff. ¶ 28). However, this statement is based upon numerous, specific conversations Peveri had with members of the sales team and observations of Plaintiff's job performance (Id. ¶¶ 9-12, 18-19, 21-27, 29-31), something that is rationally based on her perceptions from her role as district manager, a position she had held for 18 years. See Reyes, 24 F.4th at 24-25; Angulo-Hernandez, 565 F.3d at 9; Rodriguez, 162 F.3d at 144. Moreover, this statement is helpful because it provides insight into Peveri's state of mind for her decision to remove Plaintiff as the district sales manager, and this opinion does not involve any scientific, technical or other specialized knowledge. See id. This analysis also holds true for Peveri's statement that one of her direct reports "probably was not happy" (Peveri Aff. ¶ 65) when Peveri reassigned some of this employee's duties to a different employee. See Angulo-Hernandez, 565 F.3d at 9.

Plaintiff also seeks to strike the portion of Connors's affidavit in which she merely describes her first-hand observations of instances when members of the sales team got "frustrated" with Plaintiff after he criticized them during meetings that Connors personally attended. (Connors Aff. ¶ 16.) Plaintiff claims, without further explanation, that this statement "lacks reliability" and is "either based on hearsay or inadmissible opinion testimony." (Doc No. 131 p. 5.) However, Plaintiff does not provide any basis to contend that Connors's description of events she observed is unreliable or constitutes "hearsay," and it is well within the bounds of Rule 701 for a lay witness to testify, based upon their personal observations, that another person appeared "frustrated." See Angulo-Hernandez, 565 F.3d at 9.

Lastly, Plaintiff asks this Court to strike Bowie's statement that if a customer were contacted by two different Expeditors salespeople in a short period of time, the customer would

think Expeditors was disorganized, and Plaintiff contends without any further explanation that this statement "contains speculative, inadmissible thoughts and opinions of others." (Doc No. 131 p. 4; Bowie Aff. ¶ 21.) However, Bowie has worked in sales at Expeditors for nearly 10 years and, before that, she worked in pharmaceutical sales. (Id. ¶¶ 4, 8.) As such, she is qualified to explain how the sales team should approach potential customers and how customers would likely react if Expeditors did so in a disorganized manner. See Angulo-Hernandez, 565 F.3d at 9. This opinion does not involve any scientific, technical or other specialized knowledge and is based upon Bowie's personal knowledge. See id. Thus, there is no basis to strike this paragraph. See id.

### C. Defendants' Affidavits Do Not Contain Impermissible "Vouching"

Plaintiff also asserts that several statements contain impermissible "vouching." (Doc No. 131, pp. 5, 7; Bowie Aff. ¶¶ 32, 33; Scali Aff. ¶ 21.) However, none of these challenged statements constitute "vouching" because none of the witnesses state that another person is being truthful. See Shay, 57 F.3d at 131-32; Gonzalez Villegas v. Doctors' Ctr. Hosp., C.A. No. 21-1592 (GMM), 2025 WL 926441, at *7 (D.P.R. March 27, 2025). It is entirely permissible for a witness to state whether or not they agree with another witness, so long as the witness is agreeing, or disagreeing, based upon their own personal observations. See United States v. DeSimone, 699 F.3d 113, 127 (1st Cir. 2012) ("There is no error in simply asking a witness if he agreed with or disputed another witness's testimony."); United States v. Valdivia, 680 F.3d 33, 49 (1st Cir. 2012). As such, there is no basis to strike these statements. See id.

### D. There is No Basis to Strike Statements that Plaintiff Asserts Without Explanation Are Inadmissible for Additional Reasons

Plaintiff appears to challenge other statements for several reasons, without providing any degree of specificity as to which part of the statement he challenges for which reason. To the extent practicable, Defendants briefly address those statements in turn.

Plaintiff seeks to strike the following statement from Dale's affidavit in its entirety:

> Tracy never said anything negative about Mike's performance, and I believe she gave him a favorable reference because she wanted to help Mike find a new role in the company.

(Doc No. 131 p. 6.; Dale Aff. ¶ 24.) Plaintiff asserts that this statement "contains inadmissible opinion testimony, is based upon hearsay or both," though Plaintiff does not further explain this argument and does not identify which portion of this sentence contains opinion testimony, hearsay or "both." (Doc No. 131 p. 6.) There is no hearsay issue in the first sentence because Dale does not attribute any statement to Peveri, and there is no hearsay issue in the second sentence because Peveri's "favorable reference" is offered to show her state of mind, not to prove whether the favorable things she said about Plaintiff were true, as described above. See Franchina, 881 F.3d at 50-51. Additionally, the rather obvious "opinion" that a supervisor provided a favorable reference for an individual because the supervisor wanted to help that individual is so far-removed from the kind of testimony precluded by Rule 701 that Plaintiff's cursory argument is absurd on its face. See Reyes, 24 F.4th at 24-25; Rodriguez, 162 F.3d at 144.

Plaintiff further claims that Dale's statement that Brian Carrabes "never said or did anything to interfere with [Plaintiff's] application for the aviation role" (Dale Aff. ¶ 26) should be stricken because this paragraph "lacks foundation and contains inadmissible opinions." (Doc No. 131 p. 6.) However, as Dale attests, he interviewed the applicants for this position, including Plaintiff, because the position reported directly to Dale, and he had personal knowledge of the applicants under consideration for this position. (Dale Aff. ¶¶ 18-22.) As such, Date has sufficient personal knowledge to know whether Brian Carrabes "said or did anything to interfere with Mike's application for the aviation role." See Reyes, 24 F.4th at 24-25. Moreover, it is entirely unclear

what "inadmissible opinions" are contained in this statement. Thus, this Court should deny Plaintiff's motion to strike ¶ 26 of Dale's affidavit. See id.

**E. Plaintiff's "Reliability" Argument is Frivolous**

Plaintiff claims that Peveri's statement that she received complaints about Plaintiff from other male and female employees in addition to the sales team is not "reliable" because Peveri allegedly "fails to sufficiently describe the identity of these alleged employees." (Doc No. 131 p. 3; Peveri Aff. ¶ 25.) This assertion appears to be based solely upon the fact that Peveri does not identify all of these "male and female employees" by name in this single sentence. (Id.) However, Peveri identifies another female employee by name *in the very next sentence* of her affidavit; and (2) Peveri testified at length at her deposition about the complaints she received from other male and female employees—testimony that is not disputed, except to the extent Plaintiff incorrectly contends that it is inadmissible hearsay (Peveri Aff. ¶ 26; SUMF ¶ 58.). As such, there is no plausible basis for Plaintiff's unexplained claim that this statement is not "reliable," and this assertion is patently frivolous. See Reyes, 24 F.4th at 24-25. Therefore, this paragraph should not be stricken. See id.

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., TRACY PEVERI and BRIAN CARRABES,

By Their Attorneys,

*/s/ Matthew J. Lynch*

Asha A. Santos, Bar No. 670861
asantos@littler.com
Matthew J. Lynch, Bar No. 689363
mlynch@littler.com

LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
Telephone: 617.378.6000
Facsimile: 617.737.0052

Dated: October 9, 2026

**CERTIFICATE OF SERVICE**

I, Matthew J. Lynch, hereby certify that on this 9th day of October 2026, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to all registered participants identified on the Notice of Electronic Filing and via first-class mail to all non-registered participants identified on the Notice of Electronic Filing.

*/s/ Matthew J. Lynch*
Matthew J. Lynch