UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CARRABES,<br><br>Plaintiff,<br>v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., TRACY PEVERI AND BRIAN CARRABES,<br><br>Defendants. | Civil Action No. 1:24-cv-12142-AK |

**DEFENDANTS' REPLY**

Defendants' motion for summary judgment should be granted because Plaintiff's opposition and the undisputed material facts establish that no reasonable juror could find for Plaintiff on his Title VII sex discrimination claim or other claims in this matter.

## I. PLAINTIFF'S IMPROPERLY DISPUTED FACTS ARE DEEMED ADMITTED

### A. Plaintiff's Disputes Based on His Motion to Strike Fail

Plaintiff often disputes facts solely by citing his pending Motion to Strike (Doc No. 131), without separately identifying any piece of record evidence to contest the substance of the asserted fact. (SUMF ¶¶ 13, 16-18, 20, 27-34, 35-39, 41-59, 75, 85, 89, 91-93, 117-118, 149.) Because Plaintiff does not dispute these facts on any basis other than admissibility, and because these facts are admissible for the reasons set forth in Defendants' Opposition to Plaintiff's Motion to Strike (Doc No. 137), these facts are admitted. See Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003); see also L.R. 56.1. Additionally, Plaintiff disputes as inadmissible hearsay Peveri's statement that a former employee, Alex Finn, told Peveri that he struggled with Plaintiff's management style and did not feel supported by Plaintiff. (SUMF ¶ 15.) However, this statement is not hearsay because it is not offered to prove the truth of the matter asserted but instead to show

notice (i.e., that Peveri heard the statement), the effect that the statement had on Peveri, and her state of mind. (Doc No. 137, p. 4.) Plaintiff does not dispute this statement on any grounds other than admissibility, and this fact is also therefore admitted. See Stonkus, 322 F.3d at 102.

Plaintiff further disputes certain facts by referring only to his Motion to Strike, even though his motion does not seek to strike the evidence relied upon by Defendants to establish those facts. (SUMF ¶¶ 19, 21, 22, 103.) Thus, these facts are also admitted. See Stonkus, 322 F.3d at 102. Similarly, Plaintiff at times only disputes part of a fact but does not dispute the entire fact. (SUMF ¶ 149.) Plaintiff disputes that Peveri did not stop Plaintiff from searching for other jobs after she removed him from the DSM position and that she provided him with a favorable reference. (SUMF ¶ 149.) However, this fact is established in part by two pieces of evidence that Plaintiff does not seek to strike: Plaintiff's own deposition testimony, in which he testified that Peveri did not prevent him from applying for jobs inside or outside of the Boston branch; and Peveri's affidavit, in which she states that she never gave an unfavorable reference about Plaintiff and never did anything to interfere with people who were trying to find another position within Expeditors for Plaintiff. (Id.) As such, this fact should be deemed admitted, at the very least as to these specific, undisputed issues. See Stonkus, 322 F.3d at 102.

Plaintiff also cites his Motion to Strike to dispute the statement that "Peveri has on more than one occasion throughout her tenure as District Manager reassigned a female employee's duties without first putting the female employee on a PIP," a fact that is established by ¶¶ 60-65 of Peveri's affidavit. (SUMF ¶ 150.) However, Plaintiff does not seek to strike ¶¶ 60-64 of Peveri's affidavit, which describe two specific occasions in which Peveri changed a female employee's duties without first putting that employee on a PIP. (SUMF ¶ 150, Peveri Aff. ¶¶ 60-64.) Rather, Plaintiff only seeks to strike ¶ 65, in which Peveri states that one of these female employees

"probably was not happy with this decision." (Id.) As such, this fact is admitted, at the very least as to the two instances described in the unchallenged portions of Peveri's affidavit. See Stonkus, 322 F.3d at 102.

**B. Facts that Plaintiff Improperly Disputes Are Admitted.**

Many of Plaintiff's stated grounds for disputing a fact do not respond to the substance of the asserted fact and/or misstate the record evidence, and these facts are therefore admitted. See Stonkus, 322 F.3d at 102. Plaintiff attempts to dispute Peveri's testimony that in 2020 she started to receive complaints about Plaintiff from his team. (SUMF ¶ 14.) Plaintiff disputes this fact by stating that Peveri "did not document any of the alleged complaints." (Id.) However, Peveri testified that these complaints were made to her verbally, and Plaintiff does not cite any evidence to dispute that these conversations occurred.[1] (Id.)

Plaintiff disputes that Bokavich Christenson resigned in November 2021 by stating only that, "The Bokavich Christenson affidavit does not state that she resigned in paragraph 13." (SUMF ¶ 26.) However, Plaintiff ignores that Defendants also cite Peveri's affidavit for this fact. (Id.) Bokavich Christenson states unequivocally that she left Expeditors in November 2021, and Peveri states that "In November 2021, [Bokavich Christenson] resigned." (Id.) Because Plaintiff fails to properly dispute this fact, it is deemed admitted. See Stonkus, 322 F.3d at 102.

Plaintiff also disputes certain facts by asserting, without any basis whatsoever, that highly relevant evidence is "not material."[2] (SUMF ¶¶ 54, 142-43.) For example, Plaintiff claims that issues such as whether other department managers complained about Plaintiff or whether Peveri

[1] Moreover, although not necessary, Peveri's testimony is corroborated by numerous affidavits from individuals who made these verbal complaints to her. (SUMF ¶¶ 13, 16-18, 20, 27-34, 35-39, 41-59, 75, 85, 89, 91-93, 117-118, 149.)

[2] Plaintiff also asserts, again, that this fact contains inadmissible hearsay, even though it plainly does not. (Doc No. 137, pp. 6-8.)

treated similarly-situated female employees in the same manner she treated Plaintiff are "not material" to his sex discrimination claim. (Id.) However, Plaintiff does not cite any record evidence to actually dispute the substance of these facts, and Plaintiff cannot credibly claim that evidence of complaints about Plaintiff's performance or relevant comparator evidence is "not material" in a disparate treatment claim. See Pina v. The Children's Place, 740 F.3d 785, 795-96 (1st Cir. 2014).

Plaintiff further attempts to dispute the fact that Peveri was not a decisionmaker in selecting Bowie as the new DSM after Plaintiff was removed from that position. (SUMF ¶¶ 72-73, 77.) Plaintiff does not cite to any evidence contradicting Peveri's testimony that the decisionmakers were three male managers: Josh Brandes, Kanny Satar and Peter Dale. (Id.) Instead, Plaintiff cites testimony from Brian Carrabes, who testified that Peveri, as district manager, "controls who she hires, who she fires and who she wants." (Id.) However, this testimony had nothing to do with the interview or hiring process for the DSM role in 2023, and this testimony does nothing to disprove the undisputed fact that Peveri delegated any decision-making authority to the three male managers who selected Bowie. (Id.) Plaintiff completely ignores—and does not cite any record evidence to contradict—Peveri's specific testimony that she "stepped back" from the hiring decision for the DSM position in 2023 and, in her role as district manager, delegated that decision to Brandes, Satar, and Dale. (Id.)

Plaintiff also attempts to dispute that when Plaintiff left Expeditors' office on February 5, 2024, Peveri texted him and told him that she had tried to call him, but he did not answer. (SUMF ¶ 121.) Plaintiff claims that the "citation does not support the sentence," even though Peveri states in the cited text message, "I have tried calling your cell and home phones." (Id.) Plaintiff does not cite any record evidence to explain how the cited exhibits do not "support the sentence." (Id.)

On another occasion, Plaintiff inexplicably attempts to dispute Defendants' statement that he did not receive a particular text message by citing his testimony in which he stated, "I don't believe I ever got that text message," without further explaining how this testimony creates a "dispute" of any kind. (SUMF ¶ 128.)

Similarly, Plaintiff disputes the statement that (1) Peveri invited male managers to her 2023 Christmas Dinner and that (2) Plaintiff had attended prior dinners by stating that he "was still the acting DSM" as of December 2023, a statement that is not responsive to this fact. (SUMF ¶ 147.)

Plaintiff also disputes the statement that Peveri selected another male employee, Chris Goodwin, to attend a training course because Plaintiff claims that the cited testimony does not use the word "selected," even though Plaintiff testified that Peveri "went to [Goodwin] and signed him up for this course or had him sign it up, but Tracy wanted him to take this course." (SUMF ¶ 145.)

## II. PLAINTIFF'S SEX DISCRIMINATION CLAIM MUST BE DISMISSED

Plaintiff's opposition makes clear that he cannot establish a prima facie case of sex discrimination or meet his burden to prove pretext. (Doc No. 132 pp. 10-14.)

Plaintiff appears to rely solely upon his pre-2022 performance evaluations to establish the first element of his prima facie case, that he adequately performed his job. (Doc No. 132 pp. 11-12.) However, Plaintiff does not and cannot properly dispute that Bokavich Christenson (female), Scali (male), Connors (female), and Bowie (female) personally observed issues with Plaintiff's performance and reported those issues to Peveri. (SUMF ¶¶ 13, 16-18, 20, 27-34, 35-39, 41-59, 75, 85, 89, 91-93, 117-118, 149.) These witnesses' descriptions of their own statements and observations are not hearsay and may be considered for the truth of the matter asserted, meaning as proof that Plaintiff did not adequately manage the sales team. See Amarin Plastics, Inc. v. Md.

Cup Corp., 946 F.2d 147, 153 (1st Cir. 1991). Thus, Plaintiff cannot establish this element of his prima facie case. See Lopez-Hernandez v. Terumo P.R. LLC, 64 F.4th 22, 29-30 (1st Cir. 2023).

As to the alleged adverse action requirement, Plaintiff's arguments contradict his own explicit admissions. (Doc No. 132 p. 19.) Plaintiff concedes that his removal from the DSM position in 2022 and the reduction of his bonus pool percentage in January 2023 are outside the statute of limitations; do not serve as "independent bases for his Title VII claim"; and can only be used as "background evidence." (Id. p. 19.) Yet, Plaintiff then cites his removal from the DSM position as the alleged adverse action for his Title VII claim. (Id. p. 10.). However, these acts are untimely, as Plaintiff admits, and cannot serve as the adverse action to establish his prima facie case. See DeCaire v. Mukasey, 530 F.3d 1, 18 (1st Cir. 2008) (untimely discriminatory act cannot serve as basis for relief). Thus, the only act that can serve as the basis for Plaintiff's claim of sex discrimination is his alleged "firing" on February 5, 2024. See id.

Plaintiff also does not provide any factual or legal support to establish the final element of his prima facie case, that he was treated differently than non-male employees. See Waleyko v. Phelan, 146 F.4th 89, 96–98 (1st Cir. 2025). At no point in his opposition does Plaintiff offer any evidence showing that when Brian Carrabes allegedly "fired" Plaintiff during the interaction in Brian Carrabes's office on February 5, 2024, Brian Carrabes harbored any kind of sex-based bias toward Plaintiff. See id. To the extent Plaintiff claims that his removal from the DSM position is "background evidence" showing that he was treated differently than non-male employees, his argument is unavailing. See id. Plaintiff does not, and cannot, properly dispute the fact that Peveri has also removed female employees from their position and/or reassigned their duties due to performance concerns without first placing those employees on a performance improvement plan, just as she did with Plaintiff. (SUMF ¶¶ 142-143, 150.) As such, Plaintiff cannot establish this

element of his prima facie case. See Waleyko, 146 F.4th at 96–98; Sellers v. U.S. Dep't of Defense, 654 F. Supp. 2d 61, 92-94 (D.R.I. 2009).

Lastly, the undisputed facts establish that there is no evidence of pretext. See Perez v. Horizon Lines, Inc., 804 F.3d 1, 8 (1st Cir. 2015). Plaintiff's opposition focuses heavily on disputed statements he attributes to Peveri, but these allegations are insufficient to prove pretext for several reasons. See Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 36 (1st Cir. 2001); Speen v. Crown Clthing Corp., 102 F.3d 625, 636 (1st Cir. 1996) ("'isolated or ambiguous remarks, tending to suggest animus based on age, are insufficient, standing alone, to prove an employer's discriminatory intent.'") When accepting Plaintiff's version of disputed events as true, Peveri was not a decisionmaker for Plaintiff's alleged termination and was not even present when Brian Carrabes allegedly terminated Plaintiff. As such, the comments that Plaintiff attributes to Peveri are at most the kind of stray remarks, made by a non-decisionmaker long before the February 5, 2024 interaction when Brian Carrabes allegedly "fired" Plaintiff, that are insufficient to show pretext. See id. Moreover, even if this Court evaluates these alleged comments as "background evidence," any inference of discriminatory intent is repudiated by the undisputed facts, including that (1) Peveri has a long history of hiring and promoting males to management positions; (2) Peveri increased the bonus pool percentage of two other male managers at the same time she decreased Plaintiff's in January 2023; and (3) Peveri did not fabricate any complaints about Plaintiff's job performance. Plaintiff cannot meet his burden of proving pretext. See id.

## III. PLAINTIFF'S INTERFERENCE CLAIMS MUST BE DISMISSED

Plaintiff's interference claims against Peveri and Brian Carrabes fail because no reasonable juror could conclude based upon the undisputed facts that Peveri or Brian Carrabes harbored actual malice toward Plaintiff, meaning that they were driven by spite or malevolence, *i.e.*, a purpose

unrelated to any legitimate corporate interest, for any action they allegedly took against Plaintiff. See Gram v. Liberty Mut. Ins. Co., 384 Mass. 659, 664 (1981).

As to Peveri, the admitted facts establish that she did not fabricate the complaints about Plaintiff's performance, and there is no basis to conclude that Peveri was driven by a purpose unrelated to any legitimate corporate interest of Expeditors. See id. The numerous affidavits establish that Peveri had a good-faith basis to remove Plaintiff from the DSM position and that she believed she was acting in Expeditors' legitimate corporate interest. See Weber v. Cmty. Teamwork, Inc., 434 Mass. 761, 782 (2001); Alba v. Sampson, 44 Mass. App. Ct. 311, 314-15 (1998). Plaintiff's attempt to characterize the numerous affidavits showing the good-faith as "self-serving" merely because they justify Peveri's concerns is both legally unfounded and factually inaccurate. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 1999) ("self-serving" affidavit admissible and competent to support summary judgment so long as it contains specific, first-hand factual information). Moreover, Bokavich Christenson is no longer employed by Expeditors and has no affiliation with any party in this litigation.

Plaintiff's entire theory that Brian Carrabes showed "actual malice" toward Plaintiff is predicated on nothing more than (1) Plaintiff's version of the argument in Brian Carrabes' office on February 5, 2024 and (2) a typo in Brian Carrabes' affidavit. (Doc No. 132 pp. 14-18.) When viewed in the light most favorable to Plaintiff, the evidence establishes that even if Brian Carrabes lost his temper and allegedly "fired" Plaintiff, Brian Carrabes's text messages to Plaintiff immediately afterwards repudiate any inference of malice. (SUMF ¶¶ 129-133.) Against this background, Plaintiff seizes on an obvious typographical error in Brian Carrabes's affidavit because, as Brian Carrabes testified, and as Plaintiff acknowledges throughout his submissions, Peveri removed Plaintiff from the DSM position, not Brian Carrabes. (SUMF ¶¶ 65-66, 70, 167;

B. Carrabes Dep. 83:22-84:19.) Even if this Court takes Plaintiff's disingenuous interpretation of a clear typo at face value, there is still no evidence of malice because the evidence only shows that Brian Carrabes acted upon Peveri's good-faith description of the complaints she received. See Weber, 434 Mass. at 782.

Plaintiff's claim that Peveri and/or Brian Carrabes discriminated against him on the basis of sex is not necessarily sufficient to show actual malice, and, in any event, this argument is irrelevant because Plaintiff's sex discrimination claim does not survive summary judgment, for the reasons set forth above. See id. (conclusion that individual defendant discriminated against plaintiff "might, but does not necessarily" support inference of actual malice). Thus, no rational factfinder could conclude that Peveri or Brian Carrabes harbored actual malice toward Plaintiff. See Id.; Alba, 44 Mass. App. Ct. at 314-15.

## V. PLAINTIFF'S WRONGFUL TERMINATION CLAIM MUST BE DISMISSED

Plaintiff's sole argument against finding that Title VII's retaliation provision preempts his wrongful termination claim is his assertion that the Supreme Judicial Court has recognized that a violation of G.L. c. 149, § 52C may in certain circumstances give rise to a common-law wrongful termination claim—a general statement of law not applicable to the facts of this matter. See Meehan v. Med Info. Tech., Inc., 488 Mass. 730, 735-38 (2021). Under Massachusetts law, the public policy exception for a wrongful termination claim is "narrowly construed," and there is no basis to unnecessarily extend the public policy exception for a wrongful termination claim to cover conduct already addressed by Title VII. See id. In Meehan, the plaintiff did not engage in conduct that fell within the ambit of Title VII. See id. As such, the public policy exception applied because there was no other recourse for the plaintiff to pursue a private cause of action. See id. Here, Plaintiff asked if he could see his personnel file because he believed it may contain evidence of

alleged sex discrimination, a kind of protected activity that is undisputedly covered by Title VII's anti-retaliation provisions. See Melley v. Gillette Corp., 19 Mass. App. Ct. 511, 513-14 (1985). And, Title VII provides a private cause of action to recover money damages. See id. As such, Title VII provides the relief for the alleged wrongful conduct by Expeditors that serves as the basis of Plaintiff's wrongful termination claim. See id.

Plaintiff's temporal proximity argument is also unavailing. See Mello v. Stop & Shop Cos., Inc., 402 Mass. 555, 560-61 (1988). When viewed in a light most favorable to Plaintiff, the disputed and undisputed facts show that during a heated interaction in Brian Carrabes' office, he told Plaintiff to get out because Plaintiff no longer had a job, an off-the-cuff comment that is not sufficient to show malice. See id. Additionally, Brian Carrabes and Peveri both immediately asked Plaintiff to come back to the office to address a "misunderstanding." Thus, even when viewing the evidence in the light most favorable to Plaintiff, the evidence shows only that Brian Carrabes said something during a heated argument and that both he and Peveri sought to address this "misunderstanding" with Plaintiff, who did not respond. No reasonable jury could conclude that Plaintiff was terminated "because of" his alleged reference to his personnel file. See id.

## VI. PLAINTIFF'S PERSONNEL FILE CLAIM SHOULD BE DISMISSED

Plaintiff argues that his personnel file claim should not be dismissed because "[w]hether the letter's characterization of Plaintiff's conduct is accurate is a disputed fact." (Doc No. 132 p. 21.) However, Plaintiff does not address the fact that the personnel file documents accurately reflect Expeditors' summary of events. Even if Plaintiff disputes that summary, the relief afforded to him under the personnel file statute is to submit a rebuttal—a right that Plaintiff has not sought to exercise—or an order that Expeditors remove the letter. (Doc No. 117 pp. 20-21.) As such, this Court may issue any appropriate order to resolve this claim at summary judgment. See id.

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., TRACY PEVERI and BRIAN CARRABES,

By their attorneys,

/s/Matthew J. Lynch

Asha A. Santos, Bar No. 670861
asantos@littler.com
Matthew J. Lynch, Bar No. 689363
mlynch@littler.com
LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, Massachusetts 02110
Telephone: 617.378.6000
Facsimile: 617.737.0052

Dated: October 9, 2026

**CERTIFICATE OF SERVICE**

I, Matthew J. Lynch, hereby certify that on this 9th day of October 2026, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to all registered participants identified on the Notice of Electronic Filing and via first-class mail to all non-registered participants identified on the Notice of Electronic Filing.

*/s/ Matthew J. Lynch*
Matthew J. Lynch